706 So.2d 902 (1998)
Shawn R. GRIFFITH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04236.
District Court of Appeal of Florida, Second District.
February 18, 1998.
PER CURIAM.
Shawn R. Griffith appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Griffith's motion sets forth only one ground for relief, which *903 may have merit. We reverse and remand for further proceedings.
Griffith was sentenced on May 31, 1988, on a single guidelines sentencing scoresheet, to one year incarceration in case number 88-008, suspended, followed by consecutive terms of two years' community control in case number 88-017, and five years' probation in case number 88-047. Griffith claims that he was sentenced for a violation of community control in case number 88-017 on June 20, 1989, to 4½ years' incarceration followed by five years' probation in case number 88-047. In his motion, Griffith asserts that at his July 16, 1991, sentencing for a violation of probation in case number 88-047 the trial court failed to properly credit him with prior prison time served. This is an issue which may be raised in a motion to correct illegal sentence. See Belcher v. State, 685 So.2d 1343 (Fla. 2d DCA 1996).
Relying upon Tripp v. State, 622 So.2d 941 (Fla.1993), Griffith contends that upon his sentencing for violation of probation in case number 88-047, he was entitled to credit for the 4½ years previously served in case number 88-017. In Tripp, the supreme court held that the trial court's imposition of a term of probation on one offense, consecutive to a sentence of incarceration on another offense, entitles a defendant to credit for time served on the first offense on the sentence imposed following a revocation of probation on the second offense. See also Cook v. State, 645 So.2d 436 (Fla.1994). The trial court's order fails to refute Griffith's claim.
Accordingly, we reverse the order denying relief to Griffith. On remand, the trial court may again deny Griffith's claim by attaching portions of the record which refute it.
Reversed and remanded for further proceedings.
THREADGILL, A.C.J., and FULMER and GREEN, JJ., concur.