718 So.2d 1262 (1998)
Paul J. STASCHAK, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03167.
District Court of Appeal of Florida, Second District.
October 9, 1998.
PER CURIAM.
Paul J. Staschak appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse. The sole issue Staschak raises is the propriety of the sentencing judge's failure to award him, upon violating probation on felony A, credit for earlier prison time served on felony B, when the prison sentence in felony B was imposed at the same proceeding and with the same guideline scoresheet as was the consecutive probationary supervision which was subsequently revoked, resulting in the sentence on felony A he now challenges.[1]
The trial court denied Staschak credit for this prison time on the basis that he had not served any time for that offense (felony A) and that he was thereby not entitled to credit. This reasoning overlooks the supreme court's analysis of the issue in Tripp v. State, 622 So.2d 941 (Fla.1993), and Cook v. State, 645 So.2d 436 (Fla.1994). This court and others have determined that this is an appropriate issue to raise in a motion to correct illegal sentence. See Griffith v. State, 706 So.2d 902 (Fla. 2d DCA 1998).
We reverse the order of the trial court and remand with directions to the trial court to evaluate Staschak's motion and amended motion in light of Tripp and its progeny.
CAMPBELL, A.C.J., and PATTERSON and CASANUEVA, JJ., concur.
NOTES
[1] The facile denomination of these crimes as "felony A" and "felony B" is necessitated by the sheer volume of felony cases which were disposed of simultaneously. In fact, Staschak's claim pertains to numerous convictions for which he may have been improperly denied prison credit, which the trial court set forth methodically in its order of denial, the listing of which in the body of the opinion would only obfuscate the issue in need of resolution.