PER CURIAM.
Walter Hopps appeals the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Hopps’ motion sets forth one ground for relief which may have merit. In that claim Hopps requested the trial court to correct the prison credit on his sentence in case number 87-9376. We reverse and remand for further proceedings on this issue, but affirm the trial court in all other respects.
Hopps was sentenced October 30, 1987, in case number 87-8057, to three years’ incarceration followed by ten years’ probation. He was also sentenced at the same sentencing hearing to ten years’ probation in case number 87-9376, to be served concurrently with the probation in the first case. Following a revocation of probation, Hopps was sentenced to twenty-two years’ incarceration on each case, to be served concurrently.
Hopps’ motion to correct illegal sentence alleges the trial court failed to properly credit him with both jail credit and prison time served in these cases. He contends he is entitled to receive prison credit against the sentence in case number 87-9376 for the time previously served in case number 87-8057. This issue is properly raised in a motion to correct illegal sentence. See Griffith v. State, 706 So.2d 902 (Fla. 2d DCA 1998).
The trial court denied relief based upon this court’s decision in Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), which holds that a defendant is entitled to county jail credit against each sentence for time spent in jail only for the charge which led to the sentence. The trial court is correct in relying on Keene, but only in regard to jail credit; prison credit is handled differently. This court recently explained the controlling principle in simple terms in Staschak v. State, 718 So.2d 1262 (Fla. 2d DCA 1998):
The sole issue Staschak raises is the propriety of the sentencing judge’s failure to award him, upon violating probation on *1205 felony A, credit for earlier prison time served on felony B, when the prison sentence in felony B was imposed at the same proceeding and with the same guideline scoresheet as was the consecutive probationary supervision which was subsequently revoked, resulting in the sentence on felony A he now challenges.
The trial court denied Staschak credit for this prison time on the basis that he had not served any time for that offense (felony A) and that he was thereby not entitled to credit. This reasoning overlooks the supreme court’s analysis of the issue in Tripp v. State, 622 So.2d 941 (Fla.1993), and Cook v. State, 645 So.2d 436 (Fla.1994).
718 So.2d at 1262 (footnote omitted).
Accordingly, we reverse the order denying relief to Hopps and remand with directions to the trial court to review Hopps’ motion in light of Tripp v. State, 622 So.2d 941 (Fla.1993), and its progeny.
Affirmed in part, reversed in part, and remanded with directions.
THREADGILL, A.C.J., and BLUE and CASANUEVA, JJ., concur.