745 So.2d 1043 (1999)
Jason Mark BURNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-02468.
District Court of Appeal of Florida, Second District.
October 27, 1999.
PER CURIAM.
Jason Mark Burnett appeals the trial court's order denying his motion to clarify sentence, which this court treats as an appeal from an order denying a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Burnett's motion sets forth a facially sufficient claim for relief. In that claim, Burnett requested the trial court to correct the prison credit on his sentence in case number 94-15256. We reverse and remand for further proceedings on this issue.
Burnett was sentenced as a youthful offender on May 15, 1995, in case number 94-15256. On count one of the information, Burnett was sentenced to four years' incarceration followed by two years on community control. At the same sentencing hearing, he was sentenced on counts two, three, and four to two years' community control to be served concurrently with the community control on the first count. Following a revocation of community control, Burnett was sentenced to six years' incarceration on all counts, to be served concurrently.
Burnett's motion to correct illegal sentence alleges the trial court failed to properly credit him with prison time served in this case. He contends he is entitled to receive prison credit against the sentence on counts two, three, and four for the time previously served on count one. This issue is properly raised in a motion to correct illegal sentence. See Griffith v. State, 706 So.2d 902 (Fla. 2d DCA 1998).
The trial court denied Burnett relief, explaining that he only deserved prior prison credit on the count for which he had previously served time. This would be *1044 analogous to this court's reasoning in Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), which holds that a defendant is entitled to county jail credit against each sentence for time spent in jail only for the charge which led to the sentence. A trial court would be correct in relying on Keene, but only in regard to jail credit; prison credit is handled differently. This court, in Staschak v. State, 718 So.2d 1262 (Fla. 2d DCA 1998), explained the controlling principle on prison credit in simple terms:
The sole issue Staschak raises is the propriety of the sentencing judge's failure to award him, upon violating probation on felony A, credit for earlier prison time served on felony B, when the prison sentence in felony B was imposed at the same proceeding and with the same guideline scoresheet as was the consecutive probationary supervision which was subsequently revoked, resulting in the sentence on felony A he now challenges. The trial court denied Staschak credit for this prison time on the basis that he had not served any time for that offense (felony A) and that he was thereby not entitled to credit. This reasoning overlooks the supreme court's analysis of the issue in Tripp v. State, 622 So.2d 941 (Fla.1993), and Cook v. State, 645 So.2d 436 (Fla.1994).
718 So.2d at 1262 (footnote omitted). Burnett's case is even more compelling than Staschak's because all the sentences arise from the same case.
Accordingly, we reverse the order denying relief to Burnett and remand with directions to the trial court to review Burnett's motion in light of Tripp v. State, 622 So.2d 941 (Fla.1993), and its progeny.
Affirmed in part, reversed in part, and remanded with directions.
PARKER, A.C.J., and WHATLEY and CASANUEVA, JJ., Concur.