769 So.2d 1149 (2000)
John THISTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2599.
District Court of Appeal of Florida, Fifth District.
November 3, 2000.
John Thistle, Lowell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, Appellee.
PER CURIAM.
John Thistle appeals the summary denial of his motion for jail time credit filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. After Thistle was convicted of felony DUI, he alleges that he received a split sentence of incarceration followed by probation. Neither the state nor the trial court dispute that assertion. Thistle later admitted to violating his probation, and was sentenced to 41 months incarceration. Thistle asserts that upon being sentenced after the revocation of the probationary portion of his split sentence, the court did not award state prison credit for time previously served. Thistle claims that the sentencing error is clear on its face, as the trial court on the sentencing form did not place a check on the appropriate line concerning prison credit. See Fla. R.Crim. P. 3.986(d).
Although it is permissible for the trial court to delegate to DOC the administrative task of calculating the amount of prison credit which is due, it is the trial court's responsibility to order that such credit be provided. See Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992). We therefore reverse the order denying relief, and remand for correction of the sentence.
REVERSED AND REMANDED.
THOMPSON, C.J., COBB, and PLEUS, JJ., concur.