779 So.2d 562 (2001)
David DOWNING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4126.
District Court of Appeal of Florida, Second District.
January 31, 2001.
PER CURIAM.
David Downing appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Downing's motion alleged that he originally received a sentence of incarceration, followed by probation. He subsequently admitted to violating his probation and was sentenced to forty-two months' incarceration. Downing claimed that when he was sentenced after the revocation of his probation, the trial court did not award state prison credit for time previously served.
The circuit court agreed that Downing should have received credit for any time actually served before he violated his probation. Nevertheless, the court denied the motion. It reasoned that since the probation revocation documents reflected that *563 Downing was a split sentence violator, he should already be receiving the proper credit.
We note, however, that on the judgment and sentence attached to the circuit court's order the box concerning prison credit is left blank. See Fla. R.Crim.P. 3.986(d). As the Fifth District held in Thistle v. State, 769 So.2d 1149 (Fla. 5th DCA 2000), "[a]lthough it is permissible for the trial court to delegate to [the Department of Corrections] the administrative task of calculating the amount of prison credit which is due, it is the trial court's responsibility to order that such credit be provided." Id. at 1149 (citing Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992)). Here, the trial court did not complete its responsibility because it did not place a check in the appropriate box concerning prison credit. Therefore, we reverse the order denying Downing's motion for relief and remand for correction of the sentence to reflect that he is entitled to prison credit.
Reversed and remanded with directions.
FULMER, A.C.J., and NORTHCUTT and DAVIS, JJ., concur.