787 So.2d 44 (2001)
Shamus D. LAYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4728.
District Court of Appeal of Florida, Second District.
February 21, 2001.
*45 PATTERSON, Chief Judge.
Shamus Layman appeals from the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for Layman to receive prison credit for time previously served.
Layman originally entered a nolo contendere plea to burglary, grand theft, and possession of burglary tools. On July 31, 1998, the trial court imposed a concurrent sentence of two years in the Department of Corrections (DOC) as a youthful offender, to be followed by two years' probation.
Upon a violation of probation, the trial court sentenced Layman to 42.75 months in DOC custody. The sentence awards Layman 101 days of jail credit, but does not award prison credit (the prison credit provision on the form is not checked).
Upon sentencing for a violation of probation, the trial court's failure to properly credit the defendant for prior prison time served is an issue which the defendant may raise in a motion to correct illegal sentence. See Burnett v. State, 745 So.2d 1043 (Fla. 2d DCA 1999); Griffith v. State, 706 So.2d 902 (Fla. 2d DCA 1998). Here, Layman's sentence upon violation of probation does not grant him credit for time previously served in the DOC on these same charges. Upon violating the probationary portion of a split sentence, the defendant is entitled to credit for time served on the incarcerative portion. See Singletary v. Slay, 688 So.2d 319 (Fla. 1997); Steele v. State 733 So.2d 1117 (Fla. 4th DCA 1999). Thus, we reverse the denial of Layman's motion and remand for the trial court to check the prison credit provision on Layman's sentence so that, in addition to the 101 days of jail credit, he receives prison credit for all time he previously served in the DOC on these charges prior to resentencing.
Reversed and remanded.
BLUE and FULMER, JJ., concur.