WHATLEY, Judge.
Roy Amos challenges the trial court’s order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion Amos claimed that he was not awarded the correct amount of jail credit and that upon revocation of probation he was not properly awarded prison credit on each count for the time previously served in prison on those counts. We reverse that portion of the trial court’s order denying Amos’s prison credit claim, and we affirm that portion of the order denying Amos’s jail credit claim. We affirm, without discussion, the denial of the other grounds for relief raised in Amos’s motion.
In 1991 Amos was initially sentenced in trial court case numbers 91-1963 and 91-1964 to prison followed by probation. In May 1997, upon violation of probation, the trial court sentenced Amos in case number 91-1963 to fifteen years’ prison on count one to be followed by two years’ prison on count three. In case number 91-1964, the trial court sentenced Amos to fifteen years’ prison concurrent with the sentence in case number 91-1963. We affirm that portion of the trial court’s order finding that Amos was not entitled to jail credit on count three in case number 91-1963, because the sentence in that count was imposed consecutively to the sentence in count one. See Daniels v. State, 491 So.2d 543 (Fla.1986) (holding a defendant is not entitled to have jail credit pyramided where he receives consecutive prison sentences on multiple charges by being given credit on each sentence for the full time he spends in jail awaiting disposition).
Amos also claimed that in both cases he was entitled to more jail credit than he actually received. The trial court failed to address his claim. However, Amos failed to allege that the trial court records on their face demonstrate his entitlement to relief, and he has not presented a facially sufficient claim. See Deese v. State, 782 So.2d 488 (Fla. 2d DCA 2001). Our affirmance is without prejudice to any right Amos might have to file a facially sufficient motion for jail credit under rule 3.800(a). Should Amos be unable to demonstrate that his motion for jail credit can be determined from the court records, our affir-mance on this issue is also without prejudice to Amos raising this issue in a timely, facially sufficient motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Hamilton v. State, 752 So.2d 133 (Fla. 2d DCA 2000).
We note that Amos claimed that while he was in the Pinellas County jail on *714 other charges, a detainer was placed on him for violating his probation in trial court case numbers 91-1963 and 91-1964. In Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), we held that Bryant was entitled to jail credit in Hillsborough County from the date the detainer from Hillsbor-ough County was placed on him in Escambia County. Amos may, in a facially sufficient rule 3.800(a) motion or in a timely, facially sufficient rule 3.850 motion, claim jail credit from the date the detainer was placed on him. See Deese, 782 So.2d 488; Bryant, 787 So.2d 68.
Amos further claimed that he was entitled to credit for the time he served in prison prior to being resentenced to prison on the violation of probation. This claim is cognizable in a motion to correct illegal sentence. Layman v. State, 787 So.2d 44 (Fla. 2d DCA 2001). In the present case, in the order on appeal, the trial court found that “[pjrison credit is not proper in the defendant’s case because the defendant was not resentenced.” However, the trial court must award such credit. Layman, 787 So.2d 44. The trial court noted that it had checked the box entitled “split sentence violator” on the judgments and sentences. Nevertheless, the box entitled “prison credit” was left blank. We therefore reverse that portion of the order denying Amos prison credit and remand with instructions to the trial court to check the box concerning prison credit. See Downing v. State, 779 So.2d 562 (Fla. 2d DCA 2001).
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.