822 So.2d 540 (2002)
Blake ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1184.
District Court of Appeal of Florida, Second District.
July 24, 2002.
CASANUEVA, Judge.
Blake Andrews appeals the trial court's order which granted in part and denied in part his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because the record attachments show that Andrews is entitled to prison credit and additional jail credit.
*541 Andrews was originally sentenced to concurrent terms of prison followed by community control and then probation in case numbers 98-1974 and 98-2865. He subsequently admitted to violating the probation in these cases and was sentenced to concurrent terms of five years' imprisonment.
In his motion, Andrews claimed that he was entitled to credit for prior prison time served on these two cases. This claim is cognizable in a rule 3.800(a) motion. Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001). "Upon violating the probationary portion of a split sentence, the defendant is entitled to credit for time served on the incarcerative portion." Id. Here, the trial court did not award prison credit because the boxes labeled "prison credit" on the attached judgments and sentences were left blank. It is the trial court's responsibility to place a check in the appropriate box concerning prison credit. Downing v. State, 779 So.2d 562, 563 (Fla. 2d DCA 2001). We therefore reverse and remand with instructions to the trial court to check the boxes concerning prison credit. See id.
Andrews further claimed that he was entitled to additional jail credit in case number 98-2865. The trial court granted his motion in part and increased Andrews' jail credit on this case from 175 days to a total of 198 days' credit. The attachments to the trial court's order, however, show that Andrews was in jail on this case from March 2, 1998, to July 13, 1998; from August 24, 1999, to October 27, 1999; and from January 31, 2000, to May 19, 2000. By our calculations, these dates entitle Andrews to 306 days, not 198 days. We therefore reverse the trial court's order and remand for entry of an order that awards Andrews 306 days' jail credit on this case.
As to Andrews' claims seeking additional jail credit for time served between sentencing and his commitment to the Department of Corrections, we affirm without prejudice to Andrews' right to pursue his administrative remedies within the Department of Corrections. See Beckwith v. State, 799 So.2d 310, 311 (Fla. 2d DCA 2001).
We affirm Andrews' remaining claims without comment.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.