COVINGTON, Judge.
Charles Edgar Wilson challenges the order of the trial court summarily denying his motions for prison credit that were *301 filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In his motions, Wilson alleged that in trial court case number 96-1809, the Department of Corrections (DOC) is refusing to provide him with the prison credit awarded by the trial court against the four-year prison sentence that was imposed pursuant to a revocation of probation in that case. The trial court, in denying Wilson’s motions, properly found that a claim that the DOC is failing to provide a prisoner with the full amount of credit awarded by the trial court must first be raised administratively with the DOC and then by way of petition for writ of mandamus in the circuit court in the county in which the prisoner is housed. See Battles v. State, 799 So.2d 1098 (Fla. 2d DCA 2001).
The trial court was entirely correct in its reasoning based on the allegations in Wilson’s motions. However, the written sentence in case number 96-1809 shows that in September 2001, when he was sentenced upon revocation of his probation, Wilson was awarded no prison credit against his four-year sentence. The written sentence that was imposed in March 1997 in case number 96-1809 shows that Wilson was sentenced to four years’ probation in that case concurrent with the probationary sentence in trial court case number 96-3787, but “consecutive with [a Florida State Prison] sentence.” If case number 96-1809 was initially scored on the same scoresheet as the case for which Wilson served a prison sentence, he may be entitled to prison credit on the sentence imposed upon revocation of probation in 96-1809 based on the rationale of Tripp v. State, 622 So.2d 941 (Fla.1993), and Hodgdon v. State, 789 So.2d 958 (Fla.2001). Such a claim is cognizable in a rule 3.800(a) motion. See Hopps v. State, 725 So.2d 1204 (Fla. 2d DCA 1999). Our affir-mance, therefore, is without prejudice to any right Wilson might have to file a facially sufficient rule 3.800(a) motion seeking such prison credit.
Affirmed.
ALTENBERND and CASANUEVA, JJ., Concur.