866 So.2d 751 (2004)
Bradley NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3861.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
Bradley Newman, Punta Gorda, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Bradley Newman appeals the denial of his Florida Rules of Criminal Procedure 3.800(a) motion seeking additional jail and prison credit. He originally received concurrent probationary split sentences of three years in prison followed by three years probation after entering a no contest plea to two counts of robbery. Newman completed the incarceration portion of his sentence, but violated the conditions of his probation. The trial court revoked his *752 probation and re-sentenced him to four years in prison. We find merit only in the appeal of the trial court's denial of prison credit.
Newman complains that the trial court failed to check off the appropriate box on the sentencing forms that would have awarded credit for time previously served in prison. He claims that he is entitled to 791 days of prison credit for the time he "physically spent" in prison prior to his violation of probation. The assistant state attorney candidly advised the trial court that Newman was entitled to that credit, but the trial court denied relief reasoning that Newman's claim was premature citing Rood v. State, 790 So.2d 1192 (Fla. 1st DCA 2001). Rood held that when the Department of Corrections fails to credit a prisoner with prison time awarded by the trial court, the prisoner must first exhaust the available administrative remedies and then, if necessary, file a petition for writ of mandamus in the circuit court. However, in Rood, unlike in the instant case, there was no claim that the trial court failed to award prison credit. The Rood complaint was that the Department of Corrections failed to credit the prison time.
Andrews v. State, 822 So.2d 540 (Fla. 2d DCA 2002), dealt with almost identical circumstances, including the denial of a 3.800(a) motion. Andrews alleged that the trial court failed to award prison credit because the boxes labeled "prison credit" on the sentences were left blank. The Second District Court of Appeal reversed and remanded with instructions to the trial court to exercise its responsibility to place a check in the appropriate box concerning prison credit. See also Downing v. State, 779 So.2d 562, 563 (Fla. 2d DCA 2001); Thistle v. State, 769 So.2d 1149 (Fla. 5th DCA 2000) ("Although it is permissible for the trial court to delegate to [the Department of Corrections] the administrative task of calculating the amount of prison credit which is due, it is the trial court's responsibility to order that such credit be provided.").
Newman's request of credit for jail time is denied, but we reverse and instruct the trial court on remand to order that prison credit be provided.
REVERSED and REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.