921 So.2d 794 (2006)
Henry Lincoln SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3017.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
*795 Henry L. Smith, Immokalee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee and Pamela J. Koller, Assistant Attorney General, Daytona Beach for Appellee.
PALMER, J.
Henry Lincoln Smith (defendant) appeals the trial court's summary denial of his motion for credit for time-served filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Concluding that the written sentence entered in this matter fails to provide credit for time-served as required by the trial court's oral pronouncement of sentence, we reverse.
The defendant was sentenced to serve a term of five years in the Department of Corrections for violating his probation. He filed a rule 3.800(a) motion, alleging that he is entitled to receive credit for 18 months and 42 days time-served, but that the Department of Corrections has refused to award him same. The trial court summarily denied the motion.
A defendant's claim regarding jail time credit is cognizable in a 3.800 motion so long as the motion alleges that the court records demonstrate on their face that the defendant was entitled to receive additional credit for time-served.
A review of the defendant's sentencing transcript reveals that the trial court orally sentenced the defendant to confinement in the Department of Corrections for a period of five years with credit for approximately 18 months previously served in the Department of Corrections and 42 days served after being arrested for violating his probation. Specifically, the trial court stated:
I will adjudicate you guilty of this violation of probation, and order you be confined to the Department of Corrections for a period of five years with credit for 18 months. It was originally a 15-month sentence. I'll sentence you to five years in the Department of Corrections. Forty-two days time served is *796 what you have served here, plus I need the Department of Corrections time. I think it's going to be 18 months and six days, but they'll have to calculate that.
However, the written sentencing documents only reflect credit for the 42 days time-served.
Although it is permissible for the trial court to delegate to DOC the administrative task of calculating the amount of prison credit which is due, it is the trial court's responsibility to order that such credit be provided. See Thistle v. State, 769 So.2d 1149 (Fla. 5th DCA 2000) (citing Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992); State v. Mancino, 714 So.2d 429, 433 (Fla.1998)). Here, the defendant attached a copy of his sentencing transcript which reflects that the trial court intended for him to receive 18 months of credit for time which had been served in prison as part of his split sentence. Thus, his claim was facially sufficient.
REVERSED and REMANDED.
SAWAYA and LAWSON, JJ., concur.