PER CURIAM.
 

 Terry Tyrone Mason appeals the trial court’s order summarily denying his Motion to Correct Illegal Sentence as to credit for time served under Florida Rule of Criminal Procedure 3.800(a). Appellee, the State of Florida, filed a confession of error noting that it is the trial court’s responsibility to order that the amount of prison credit which is due be provided.
 
 See Smith v. State,
 
 921 So.2d 794, 796 (Fla. 5th DCA 2006). Here, the State admits that the trial court did not address Mason’s claim concerning prison credit. The
 
 *1226
 
 trial court credited Mason with “896 days of credit for time served in the Miami-Dade County Jail.” Although the body of the order references to the Miami-Dade County Department of Corrections certification of credit time served, no portion of the document was attached to the order.
 

 Accordingly, we reverse and remand with instructions that the trial court: (1) support its conclusion that Mason is entitled to the jail credit time awarded by attaching records; and (2) either issue an amended order attaching documents to conclusively refute the claim or provide the relief requested by the defendant.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
 

 Reversed and remanded.