BLACK, Judge.
 

 In this appeal pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Kenneth Ingraham challenges the sentence he received as a result of this court’s reversal and remand for resentencing.
 
 See Ingraham v. State,
 
 32 So.3d 761 (Fla. 2d DCA 2010). We affirm Mr. Ingraham’s corrected sentence but note that the written sentence fails to conform to the trial court’s oral pronouncement of sentence. The trial court’s oral pronouncement included prison credit for Mr. Ingraham, to the extent that he was entitled to that credit; however, the written sentence does not reflect the award of any prison credit.
 
 See Downing v. State,
 
 779 So.2d 562, 563 (Fla. 2d DCA 2001) (finding that the trial court may delegate the administrative task of calculating prison credit to the Department of Corrections but that the trial court is responsible for ordering such credit (citing
 
 Thistle v. State,
 
 769 So.2d 1149, 1149 (Fla. 5th DCA 2000))). Additionally, the oral pronouncement indicates that Mr. Ingraham’s court costs total $675; however, the written sentence indicates $725 in costs.
 

 Because Mr. Ingraham did not preserve these issues by objecting or filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b), we affirm without prejudice to any right Mr. Ingraham may have to file a rule 3.800(a) motion.
 
 See Woodard v. State,
 
 6 So.3d 726, 727 (Fla. 2d DCA 2009);
 
 see also Williams v. State,
 
 957 So.2d 600, 605 (Fla.2007).
 

 Affirmed.
 

 DAVIS and KELLY, JJ., Concur.