WALLACE, Judge.
Michael McCall appeals the 2009 revocation of his probation for burglary of a dwelling and his resulting sentence of thirty years in prison as a habitual felony offender. Mr. McCall’s appellate counsel initially filed an Anders[1] brief, asserting that no issue of arguable merit could be found to support significant reversible error in this case. However, our review of the record and of the applicable law reflected an issue of arguable merit in the failure of the trial court to order that Mr. McCall receive credit for the time that he served in prison on the incarcerative portion of his split sentence. See § 921.0017, Fla. Stat. (1995); Downing v. State, 779 So .2d 562, 563 (Fla. 2d DCA 2001); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3d DCA 2011); Smith v. State, 921 So.2d 794, 796 (Fla. 5th DCA 2006). Accordingly, we directed the parties to file supplemental briefs addressing the issue of Mr. McCall’s right to credit for the time that he served in prison before the probationary portion of his sentence began. After reviewing the parties’ supplemental briefs, we affirm.
In its oral pronouncement of sentence, the trial court directed that Mr. McCall was to receive “[cjredit for all time served including today’s date.” The written sentence grants credit for time served of 1108 days, which is about three years. But at the time Mr. McCall was sentenced *1016 for the violation of his probation in 2009, he had already served over eight years in prison before being released to probation. Mr. McCall did not receive credit for this prison time. Although a trial court may delegate to the Department of Corrections the task of calculating the amount of prison credit that is due, the trial court must order that such credit be provided. Smith, 921 So.2d at 796. Here, the trial court failed to order that such credit be provided in the written sentence.
Nevertheless, Mr. McCall did not object or file a motion to correct this sentencing error in accordance with Florida Rule of Criminal Procedure 3.800(b). Thus he failed to preserve the issue for appellate review. Ingraham v. State, 82 So.3d 1101 (Fla. 2d DCA 2012); Woodard v. State, 6 So.3d 726, 727 (Fla. 2d DCA 2009). Accordingly, our affirmance is without prejudice to any right Mr. McCall may have to file a motion to correct his sentence under rule 3.800(a).
We have considered all of the other issues raised in the initial Anders brief and in Mr. McCall’s pro se brief, and we find them to be without merit.
Affirmed.
KELLY and KHOUZAM, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).