PER CURIAM.
Christopher Beich appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged that he was entitled to additional prison credit. We reverse the postconviction court’s order of denial and remand for further proceedings.
On October 23, 2007, Beich pleaded nolo contendere to one count of leaving the scene of an accident with injuries and was sentenced to a term of two years in prison followed by two years of community control and one year of probation. On November 15, 2009, Beich was released from prison and placed on community control. Shortly thereafter, Beich admitted violating community control, and he received a suspended sentence of five years’ imprisonment. On May 6, 2010, Beich once again admitted violating community control and was subsequently sentenced to five years’ imprisonment with 109 days of credit for time served in jail.
In his motion, Beich alleged that he is entitled to an additional two years of credit for time served in prison during the incar-cerative portion of his original split sentence. In support, Beich claimed that he was initially sentenced on April 29, 2008, and released on November 15, 2009. However, Beich alleged that the court only gave him credit for the time served in jail while awaiting sentencing on his two violations of community control. Beich ultimately claimed that the trial court’s failure to include the incarcerative portion of his initial sentence in its credit calculation resulted in his current sentence exceeding the five-year statutory maximum for a third-degree felony.
Beich’s claim is cognizable in a rule 3.800(a) motion, and “[ujpon violating the probationary portion of a split sentence, the defendant is entitled to credit for time served on the incarcerative portion.” Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001); see also Singletary v. Slay, 688 So.2d 319, 320 (Fla.1997). It appears that the trial court did not award prison credit because the corresponding box on the written judgment and sentence was left blank. “It is the trial court’s responsibility to place a check in the appropriate box concerning prison credit.” Andrews v. State, 822 So.2d 540, 541 (Fla. 2d DCA 2002); see also Downing v. State, 779 So.2d 562, 563 (Fla. 2d DCA 2001).
Because Beich has raised a valid claim for credit for time served during the incar-cerative portion of his probationary split sentence, we reverse the denial of Beich’s motion and remand for the postconviction court to check the box indicating Beich’s entitlement to prison credit.
Reversed and remanded.
VILLANTI, WALLACE, and CRENSHAW, JJ., Concur.