749 So.2d 506 (1999)
Melvin COWART, Appellant,
v.
STATE of Florida, Appellee.
No. 99-03922.
District Court of Appeal of Florida, Second District.
January 5, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Melvin Cowart appeals the denial of his postconviction motion to correct an illegal sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm because Mr. Cowart must address this issue with a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Mr. Cowart entered into a negotiated plea agreement concerning a violation of probation in this case in January 1999. The written plea agreement, although not clear on its face, appears to support Mr. Cowart's claim that he was promised a sentence of 8½ years' imprisonment, with 5 years' credit for prior prison time, i.e., a net sentence of 3½ years' imprisonment. The actual sentence is an 8½-year term of imprisonment with a check in the box for prison credit. Mr. Cowart's motion states that the Department of Corrections has given him substantially less credit than 5 years, apparently because the Department has forfeited some of his gain time.
The order on appeal instructs Mr. Cowart to address his gain time issues to the Department. Although that general advice may be correct, we are inclined to believe that Mr. Cowart's issue does not involve a calculation of gain time. Instead, he is raising an issue involving his plea agreement, claiming that he was promised more prison credit by the trial court than the Department is now providing. He either wishes to enforce or withdraw his plea. See Foldi v. State, 695 So.2d 886 (Fla. 2d DCA 1997); Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995).
We conclude that a rule 3.800(a) motion is not the proper pleading to raise this factual issue or to provide relief concerning an ambiguous plea agreement. The sentence on review is facially legal. Accordingly, we affirm without prejudice to Mr. Cowart's right to file a timely motion pursuant to rule 3.850.
Affirmed.
ALTENBERND, A.C.J., and WHATLEY and SALCINES, JJ., Concur.