846 So.2d 1227 (2003)
Eric A. HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-630.
District Court of Appeal of Florida, Second District.
June 6, 2003.
*1228 VILLANTI, Judge.
Eric A. Hunter appeals the denial of a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
In his motion, Hunter alleged that his written sentence does not reflect the amount of jail credit awarded to him by the trial court at the sentencing hearing. If such a discrepancy exists, Hunter's written sentence must be corrected to conform to the oral pronouncement. See, e.g., Watts v. State, 790 So.2d 1175 (Fla. 2d DCA 2001). Such a claim is cognizable in a rule 3.800(a) motion. See id. at 1176. However, Hunter styled his motion as one seeking clarification of his sentence filed pursuant to rule 3.800(b), and the trial court treated it as such and denied it without any explanation. Because Hunter raised a claim of illegal sentence, the trial court should have considered the motion as one filed pursuant to rule 3.800(a). See Gill v. State, 829 So.2d 299 (Fla. 2d DCA 2002). In the alternative, because the motion is sworn and timely filed, the trial court could consider it under rule 3.850. Id. at 300.
We note that Hunter filed an earlier rule 3.800(a) motion seeking jail credit in the present cases. In its order, the trial court partially granted the motion but did not address the specific issue raised herein. Therefore, Hunter's present motion should not be deemed successive. See Sanchez v. State, 745 So.2d 1007 (Fla. 2d DCA 1999). Accordingly, we reverse and remand for the trial court to consider Hunter's claim pursuant to rule 3.800(a).
Reversed and remanded.
DAVIS and COVINGTON, JJ., concur.