846 So.2d 1227 (2003)
Jerry Jarbar ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1122.
District Court of Appeal of Florida, Second District.
June 6, 2003.
DAVIS, Judge.
Jerry Jarbar Armstrong appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm and write to discuss one claim. Armstrong alleged that when he was sentenced to prison for violating the probation portion of his split sentence, he was not awarded credit for time he previously served in prison during the incarcerative portion of the split sentence. A review of the record indicates that when the trial court resentenced Armstrong to prison for violating his probation, the trial court checked the appropriate box on the sentencing document ordering the Department of Corrections to compute and apply credit for time previously served in prison. See Wiggins v. State, 817 So.2d 1016 (Fla. 2d DCA 2002); Downing v. State, 779 So.2d 562 (Fla. 2d DCA 2001). Therefore, the trial court has completed its responsibility, and any challenge Armstrong may have regarding the application of prison credit to his sentence should be raised through the appropriate administrative remedies with the Department of Corrections. Accordingly, we affirm the order of the trial court without prejudice to any right Armstrong may have to seek such remedies. See Rood v. State, 790 So.2d 1192 (Fla. 1st DCA 2001).
Affirmed.
FULMER and VILLANTI, JJ., concur.