NORTHCUTT, Judge.
Todd Howard raises numerous challenges to his convictions and sentences for armed burglary of a residence, grand theft of a firearm, and grand theft. We find merit only in his contention that he cannot be sentenced to consecutive terms as a habitual offender for crimes arising out of the same incident. We affirm all his other points on appeal without comment.
No one disputes that Howard’s three crimes all occurred in the same criminal episode. The court sentenced him to ten years’ imprisonment as a habitual offender for each of his convictions. It suspended the sentences after Howard serves forty-eight months in prison and placed him on community control for two years, followed by four years’ probation. The written sentencing documents state that the three sentences of ten years’ imprisonment are to be served consecutively, while the community control and probation portions of the sentences are to run concurrently.
The State points out that the court’s oral pronouncement of sentence appears to indicate that incarcerative portions of the sentences were also to be served concurrently. Although the transcript is not entirely clear, it may be that the written sentences do not conform to the oral pronouncement and must be corrected. See Hunter v. State, 846 So.2d 1227 (Fla. 2d DCA 2003). But even if the court orally announced consecutive sentences, they cannot stand. A court may not sentence a defendant to consecutive terms as a habitual offender for crimes that arose out of a single criminal episode. Hale v. State, 630 So.2d 521, 524-25 (Fla.1993). Accordingly, we reverse Howard’s sentences and remand with instructions for the court either to correct the written sentencing documents to reflect the orally announced sentences or, if the written documents comport with the court’s oral pronouncement, to resentence him to concurrent terms of ten years’ imprisonment.
Affirmed in part, reversed in part, and remanded.
FULMER and STRINGER, JJ., Concur.