884 So.2d 123 (2004)
Michael T. CANTY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5884.
District Court of Appeal of Florida, Second District.
July 7, 2004.
*124 STRINGER, Judge.
Michael T. Canty appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). According to Canty's motion, on January 25, 1991, he entered into a negotiated plea agreement on one count of kidnapping, and the trial court sentenced him to twenty-two years in prison followed by three years' probation. He was released from prison on January 18, 2001, and began serving his probation. He subsequently violated his probation, and on August 30, 2002, he was resentenced to seventeen years in prison.
In his motion, Canty argued that upon resentencing for his violation of probation, the trial court granted him credit for time previously served in prison. However, he argued that the Department of Corrections (DOC) has miscalculated his prison and gain time credit and has him scheduled for release in 2013. On the other hand, he claimed that the DOC's calculation of his sentence violates his plea agreement. The trial court denied the motion because he must first exhaust his administrative remedies and then file a petition for writ of mandamus with the appropriate circuit court. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000).
After reviewing Canty's motion and the attachments, we cannot determine the exact nature of the relief sought in the motion. If, upon resentencing for violation of probation, the trial court did in fact award Canty credit for time previously served in prison, the trial court has completed its responsibility, and any challenge Canty may have regarding the application of prison credit to his sentence should first be raised through the appropriate administrative remedies with the DOC. See Armstrong v. State, 846 So.2d 1227 (Fla. 2d DCA 2003). However, if Canty entered into a plea agreement upon violation of probation for a particular prison sentence and the DOC's forfeiture of gain time has resulted in a longer sentence than that agreed upon, Canty may be entitled to relief by filing a timely, facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850. See Williamson v. State, 841 So.2d 694 (Fla. 2d DCA 2003). Either way, Canty is not entitled to relief under rule 3.800(a), and we affirm the denial of his motion without prejudice to *125 any right he may have to seek the appropriate relief.
Affirmed.
WHATLEY and COVINGTON, JJ., concur.