884 So.2d 190 (2004)
Reginald L. CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-699.
District Court of Appeal of Florida, Second District.
July 23, 2004.
KELLY, Judge.
Reginald L. Campbell appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for correction of his written sentences.
On May 12, 1994, Campbell was charged by a single information with sale of cocaine and possession of cocaine. On January 10, 1995, a jury found Campbell guilty of both counts. The trial court sentenced Campbell to five years in prison on the possession count and fifteen years in prison on the sale count. The written sentences indicate that the sentences are to run consecutively. In his motion, Campbell sought correction of his written sentences, claiming that at the sentencing hearing the trial court did not direct the sentences to run consecutively, and therefore, his sentences should run concurrently. See § 921.16(1), Fla. Stat. (1993).
The trial court denied the motion because the oral pronouncement was made in a way that suggested consecutive sentences. We disagree. It is apparent from the sentencing transcript that the trial court did not direct the sentences to run consecutively. Therefore, the prison sentences shall run concurrently, and the written sentences shall be corrected to conform to the oral pronouncement of sentence. See § 921.16(1); Ashley v. State, 850 So.2d 1265 (Fla.2003); Hunter v. State, 846 So.2d 1227 (Fla. 2d DCA 2003). Accordingly, we reverse and remand for the trial court to correct the written sentences to reflect that the prison sentences are to run concurrently.
We note that in his initial brief on appeal, Campbell raised arguments that were not raised in his rule 3.800(a) motion. We decline to address these issues because they were not first presented to the trial court. See Adams v. State, 774 So.2d 941 (Fla. 2d DCA 2001).
Reversed and remanded.
COVINGTON and CANADY, JJ., concur.