909 So.2d 497 (2005)
James ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-439.
District Court of Appeal of Florida, Fifth District.
August 26, 2005.
*498 James Robinson, Lake City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
James Robinson (defendant) appeals the trial court's summary denial of his rule 3.850 motion.[1] We affirm in part and reverse in part.
The first issue we address is the timeliness of the defendant's notice of appeal. Said notice was filed 35 days after the trial court's order denying relief was rendered. However, the trial court's order does not contain a certificate of service as required by Florida Rule of Criminal Procedure 3.850(g). In response to this court's order to show cause, the defendant advised the court that he filed his appeal within 30 days after receipt of the trial court's order and that he now seeks a belated appeal. Since the trial court's order *499 fails to contain an appropriate certificate of service, defendant is entitled to receive a belated appeal. See Miller v. State, 693 So.2d 994 (Fla. 5th DCA 1996). Accordingly, we grant the defendant's request for belated appeal and consider his case on the merits.
The defendant pled guilty to committing the crime of first degree murder and was sentenced to a term of life imprisonment in exchange for the State's agreement not to seek the death penalty. No direct appeal was taken from the judgment and sentence. However, the defendant filed the instant rule 3.850 motion asserting four claims of ineffective assistance of counsel. The trial court summarily denied the claims without conducting an evidentiary hearing on the matter or attaching relevant portions of the record which refuted the defendant's allegations. This appeal followed.
To uphold a trial court's summary denial of claims raised in a rule 3.850 proceeding, the claims must either be facially invalid or conclusively refuted by the record. Furthermore, where no evidentiary hearing is held below or where the trial court fails to attach portions of the record which refute the defendant's claims, the appellate court must accept the defendant's factual allegations to the extent they are not refuted by the record filed on appeal. See Foster v. State, 810 So.2d 910 (Fla.2002).
Here, the defendant's first claim raises the issue of whether defense counsel was ineffective for failing to investigate and advise the defendant of possible defenses. The defendant contends that his trial counsel failed to inform him of the elements of premeditation or of the defenses of accident, heat of passion, and provocation. The defendant also contends that involuntary intoxication was a potential defense which was not explained to him.
The trial court determined that the defendant's defenses were weak. Applying Grosvenor v. State, 874 So.2d 1176 (Fla.), cert. denied, ___ U.S. ___, 125 S.Ct. 627, 160 L.Ed.2d 458 (2004), the court determined that the defendant's claim that, had he known of those defenses he would have gone to trial, was not credible based on the weakness of those particular defenses, when considering the totality of the circumstances. However, the trial court failed to attach any portions of the record which conclusively refute the defendant's claim. To its credit, the State acknowledges that appropriate portions of the record were not attached to the order to refute the defendant's claim. Accordingly, the trial court's order as to the first claim must be reversed and this matter remanded with instructions for the trial court to either attach portions of the record to support the denial or to conduct an evidentiary hearing on the issue. See Foster v. State, 810 So.2d 910 (Fla.2002).
The defendant's second claim is that, at the time he entered his plea, the defendant was under the influence of psychotropic medication which made him unaware of what he was doing, thus making his plea involuntary. The trial court denied this claim, noting that it was conclusively refuted by the record, specifically referring to a portion of the plea proceedings which was purportedly attached to the order as "Appendix A." However, no such appendix was included in the record on appeal. Accordingly, upon remand, the trial court must enter a new order and attach such portions of the record as support its denial.
As to his third claim, the defendant contends that his trial counsel was ineffective for failing to move to disqualify the trial judge. The trial court denied this claim because the defendant failed to demonstrate prejudice, noting that the defendant *500 entered into a negotiated plea for a specific sentence and the trial court's discretion was limited to imposing the agreed upon sentence. To prevail on a claim of ineffective assistance of counsel, a defendant must detail the act or omission of counsel and demonstrate that this act or omission resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court properly concluded that the defendant failed to sustain his burden of proof on this claim.
Next, the defendant contends his trial counsel was ineffective for failing to investigate circumstances surrounding a possible involuntary intoxication defense and other evidence which could have impeached one of the State's witnesses. The trial court denied the claim based upon an analysis under Grosvenor that the defense was weak. Once again, the trial court failed to attach documents to support its conclusion, and therefore, upon remand, the trial court must either attach portions of the record to support the denial or hold an evidentiary hearing.
The defendant's other claims relating to lack of pre-trial investigation do not demonstrate prejudice, since the defendant entered into a plea and stipulated to the State's version of the events.
AFFIRMED in part; REVERSED in part; and REMANDED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3,850.