PER CURIAM.
Arthur Little appeals the denial of his unsworn motion “for clarification.” In his motion, Mr. Little claims that there is a scrivener’s error in the judgment in circuit court case number CF04-2601-XX, which was entered pursuant to a negotiated plea involving seven informations and thirty-three counts. Mr. Little asserts that the judgment erroneously states he was convicted of armed burglary of a dwelling in count 3, a first-degree felony punishable by a term of years not exceeding life imprisonment, when he actually pleaded to the lesser offense of unarmed burglary of a dwelling, a second-degree felony. Mr. Little is not challenging the sentence of 8% years’ imprisonment on this count, but only the description of the offense in the judgment.
The trial court denied this motion on the merits, claiming that it was filed pursuant to Florida Rule of Criminal Procedure 3.700. The trial court reasoned that the written plea agreement disclosed a plea to a lesser offense for count -one of this information, but a plea “as charged” for count three. The plea agreement, however, refers to a plea “as- charged — burglary of a dwelling,” when the actual charged offense was armed burglary. Other documents from the file indicate that the offense was intended to be treated as a second-degree felony and not as a first-degree felony punishable by life imprisonment.
We affirm because no motion “for clarification” is authorized by rule 3.700. As a practical matter, unless this alleged scrivener’s error affected a future scoresheet in another case, it is difficult to determine how this possible error might harm Mr. Little, who is currently serving prison terms on twenty-five separate felonies as a result of his plea agreement. Mr. Little may raise this claim only by a sworn motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and not by an unsworn motion for clarification. See Canty v. State, 884 So.2d 123 (Fla. 2d DCA 2004). Thus, we affirm the order of the trial court without prejudice to any right Mr. Little might have to file a timely, facially sufficient, and sworn motion for postconviction relief pursuant to rule 3.850. Assuming he files such a motion, it may well be that the trial court will need to review a transcript of the sentencing hearing to resolve the matter.
Affirmed.
ALTENBERND, NORTHCUTT and SILBERMAN, JJ., Concur.