WELLS, Judge.
David Andrew Cortes appeals from an order denying his second motion to correct illegal sentence claiming that his upward departure sentence violated the principles enunciated in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. *681 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm because these decisions do not apply to Cortes’ sentence.
In Hughes v. State, 901 So.2d 837, 839 (Fla.2005), the Florida Supreme Court confirmed that these cases apply only to those convictions that had not become final at the time these cases were decided:
When the United States Supreme Court or this Court renders a decision favorable to criminal defendants, the question becomes: who may benefit from the decision? We have held that such decisions apply in all cases to convictions that are not yet final — that is convictions for which an appellate court mandate has not yet issued.
(Citations omitted).
The mandate in Cortes’ direct appeal from his conviction and sentence issued on May 19, 1999, before Apprendi, Blakely, and Booker were decided. He cannot therefore claim their benefit. See, e.g., Hughes, 901 So.2d at 848 (holding that “Apprendi does not apply retroactively” to convictions that have become final upon issuance of an appellate court mandate); see also Modest v. State, 892 So.2d 566 (Fla. 3d DCA 2005) (holding that Apprendi is not retroactive); Orange v. State, 898 So.2d 1185 (Fla. 3d DCA 2005) (“the decision in Blakely is not retroactive”) citing Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004), and McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004); Morrison v. State, 30 Fla.L.Weekly D2259, — So.2d —, 2005 WL 2293183 (Fla. 3d DCA Sept. 21, 2005) (“[t]he decisions in Apprendi and Blakely are not retroactive”); Behl v. State, 898 So.2d 217, 221, 222 n. 5 (Fla. 2d DCA 2005) (confirming that while both Blakely and Booker apply to criminal cases pending on direct review, they do not apply retroactively to cases on collateral review); Paul v. State, 898 So.2d 1128, 1128 (Fla. 4th DCA 2005) (citing Booker for the proposition that application of the principles enunciated in Blakely and Apprendi “would apply to all cases on direct review”).
We do not address Cortes’ Heggs[1] challenge for two reasons. First, he made no such challenge in his current motion. The issue was not, therefore, addressed in the order currently on review and is not properly before this court. See Campbell v. State, 884 So.2d 190 (Fla. 2d DCA 2004). Second, Cortes has already raised this issue in a motion to correct illegal sentence filed in 2000. That challenge was rejected in early 2001 but not appealed to this court. Although Cortes states in his brief that he is appealing from both the current and the earlier order denying his motion to correct illegal sentence, he has appealed only from the current order — the only post-conviction order over which this court may currently exercise jurisdiction.[2]
The order denying Cortes’ motion to correct illegal sentence is, therefore, affirmed.

. Heggs v. State, 759 So.2d 620 (Fla.2000).

. Our inability to address this issue at this time should not be viewed as foreclosing an attempt to demonstrate manifest injustice under State v. McBride, 848 So.2d 287 (Fla.2003). Nor do we suggest that such an attempt has merit.