PER CURIAM.
Reginald Jones [“Jones”] appeals an order denying his motion to enforce his plea agreement.
Jones alleged that, as part of his negotiated plea, he was to be given 264 days of “jail credits.” The motion complained that, in violation of his plea, he received only thirty-seven days of jail credit from the Florida Department of Corrections [“DOC”]. Because of the DOC’s failure to honor the plea, he asked the trial court to reduce his sentence to give him the benefit of his plea bargain, which allegedly contemplated that he would serve a “specific sentencing punishment minus credit for two hundred and sixty four (264) days of jail credit.”
On October 4, 2005, the trial court entered an “Order on Motion for Reduction or Modification [of Sentence],” which denied Jones’ motion insofar as it asked the court to reduce his sentence. The court characterized the motion as a motion for reduction of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). The order stated in relevant part:
The Defendant contends that he was given 264 days of jail credit at sentencing, but that the Department of Corrections is only allowing him 37 days. This Court reaffirms the fact that it ordered a total of 264 days of jail credit for the Defendant, and notes that it has entered no order reducing that amount of time.
As to the Defendant’s request to reduce or modify his sentence, the request is without merit.
In addition, on November 2, 2005, the trial court entered an “Order on Motion for Judicial Enforcement of Plea Agreement.” In denying that portion of Jones’ motion which asked to enforce his plea, the court explained that the plea did not expressly provide for 267 days credit for time served:
The Court notes that the terms of the plea were simply that Defendant receive a sentence of 30 months incarceration in exchange for an admission of violation of probation. While the Defendant is entitled to credit for every day which he served prior to sentencing, the grant of jail credit was not a term of the plea. Accordingly, the terms of the plea have not been breached.
Given the circumstances of the case, the court also indicated that Jones was required to pursue his administrative remedies before seeking judicial relief, stating:
If the Defendant is convinced that the Department is not allowing him all of the credit which this Court has granted him (an amount equal to 264 days), the Defendant may pursue the action by way of a writ of mandamus in the appropriate forum.
At the outset, we note that Jones’ motion is in substance a motion for relief *284 under Florida Rule of Criminal Procedure 3.850. Cowart v. State, 749 So.2d 506 (Fla. 2d DCA 1999) (claim that defendant was promised more prison credit by trial court than DOC is now providing should be raised pursuant to rule 3.850 as motion either to enforce or withdraw his plea). See also Rogers v. State, 864 So.2d 521 (Fla. 5th DCA 2004). To uphold a trial court’s summary denial of claims raised in a rule 3.850 proceeding, the claims must either be facially invalid or conclusively refuted by the record. Fla. R.Crim. • P. 3.850(d). See Robinson v. State, 909 So.2d 497, 499 (Fla. 5th DCA 2005).
Here, Jones alleged that pursuant to his plea agreement, he was to receive 264 days credit for time served, a facially valid claim, and this claim must be accepted as true as the record contains no copy of Jones’ plea. Robinson, supra. We therefore reverse the denial of his motion and remand for an evidentiary hearing on the claim or attachment of that portion of the trial court’s record which shows that Jones is entitled to no relief. Hunt v. State, 922 So.2d 452, 453 (Fla. 4th DCA 2006). If the record supports the trial court’s order, the trial court correctly held that Jones must first exhaust his administrative remedies before filing a petition for writ of mandamus as a means of obtaining proper credit for time previously served in prison. See Canty v. State, 884 So.2d 123 (Fla. 2d DCA 2004); Armstrong v. State, 846 So.2d 1227 (Fla. 2d DCA 2003); cf. Newman v. State, 866 So.2d 751, 752 (Fla. 5th DCA 2004).
REVERSED and REMANDED.
GRIFFIN, PALMER and LAWSON, JJ., concur.