PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct his illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleged that he is entitled to credit for time served in prison prior to his violation of probation. Because the appellant has stated a facially sufficient claim for relief that his sentence is illegal, we reverse.
On October 27, 1993, the appellant was sentenced to three years’ imprisonment to be followed by two years’ probation. On July 19, 2005, after a violation of probation, the appellant was sentenced to eighteen months’ imprisonment. The appellant was not awarded credit for the time he spent in prison prior to his resen-tencing after his violation of probation. Upon a violation of probation and resen-tencing, an accused is entitled to prison credit for all time served on the charge prior to resentencing. See Swain v. State, 845 So.2d 314 (Fla. 2nd DCA 2003)(re-manding the denial of a rule 3.800(a) motion for the trial court to check the prison credit box so that the appellant would be awarded time served on the charges prior to resentencing); Corpus v. State, 744 So.2d 594, 595 (Fla. 2d DCA 1999) (remanding to trial court to check the prison credit box on the sentencing form).
We accordingly reverse and remand for the trial court to resentence the appellant and award prison credit for his time served prior to his violation of probation.
REVERSED.
WEBSTER, POLSTON, and HAWKES, JJ., concur.