*1116
 
 TORPY, J.
 

 This is the second time we have had Appellant’s jail credit issue before us. The first time was in an appeal from the denial of a rule 3.800 motion. We affirmed there because the claim, which involves time Appellant allegedly spent in jails outside of Putnam County, could not be resolved from the “face of the record.” We expressly stated that our decision was “without prejudice to [Appellant’s] right to seek additional jail credit in a sworn motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.”
 
 Scott v. State,
 
 993 So.2d 1177 (Fla. 5th DCA 2008).
 

 Thereafter, Appellant sought relief in a sworn rule 3.850 motion. Appellant’s claim is straight-forward. She states that she was arrested in Miami on the Putnam County charges at issue, was continuously held in two different jails on those charges, but did not get credit for that time when she was sentenced. She claims that she is owed an additional ninety-one days of jail credit. The trial court summarily denied Appellant’s rule 3.850 motion because the attachment to the motion was “illegible” and the file “does not conclusively show that the defendant is due such additional credit.” The trial court relied upon
 
 State v. Mancino,
 
 714 So.2d 429 (Fla.1998). Unfortunately, the trial court was confused and further proceedings are still needed here to get to the bottom of this issue.
 

 Maneino
 
 is a rule 3.800 case, where the burden is on a defendant to show that the sentence is illegal because the “face of the record” evinces that jail credit was not given when the sentence was imposed. Here, Appellant’s rule 3.800 motion was properly denied because her entitlement to the credit could not be discerned from the face of the record.
 
 [1]
 
 Now, she has filed a rule 3.850 motion that is sufficient on its face. She is entitled to a hearing to prove her allegations unless they are conclusively refuted by the record, in which case the trial court must attach the record documents that refute the claim.
 
 Murphy v. State,
 
 930 So.2d 794 (Fla. 1st DCA 2006).
 

 We asked the State to respond here, hopeful that it might assist this Court in bringing this over-litigated dispute to a conclusion. Instead of addressing the merits of Appellant’s claim, the State contended that this appeal is untimely. The State’s position, however, is without merit because of the tolling effect of Appellant’s timely filed motion for rehearing.
 

 REVERSED AND REMANDED.
 

 PALMER and EVANDER, JJ., concur.
 

 [1]
 

 . These out-of-county jail credit cases can seldom be resolved in a rule 3.800 proceeding because the necessary documents are not part of the record before the sentencing court.
 
 See Gethers v. State,
 
 838 So.2d 504 (Fla.2003) (explaining when out-of-county jail time must be credited).