PER CURIAM.
Ray W. Frierson, Jr. appeals the trial court’s order dismissing his rule 3.850 motion, seeking enforcement of his plea agreement. The appellant argues that dismissal was improper and we agree.
*981 On September 23, 2010, the appellant entered a plea to robbery (count one) and grand theft (count two) in Orange County Case No.2008-CF-007187. He was sentenced to nine years in the Department of Corrections followed by five years’ probation on count one and five years’ probation on count two (concurrent to the probation in count one). The appellant’s sentences were credited with two years and one hundred and thirty-five days for time served. The court later amended the sentencing order to reflect that the sentences were to run concurrent to the sentences imposed in the appellant’s Osceola County cases 2008-CR-002232, 2008-CR-002252, and 2008-CR-082253. No direct appeal was filed.
The sole issue raised in the appellant’s postconviction motion asserts that the Department of Corrections is not properly applying credit and gain time earned in his Osceola County case against his Orange County sentences. He contends that this is in violation of his negotiated plea agreement in his Orange County case, and he seeks enforcement of the agreement.
The appellant specifically maintains that while he was serving sentences in Osceola County, he was transported to face the Orange County charges. There, he entered into a negotiated plea agreement with regard to those charges, and his plea was accepted with the understanding of all parties that his Orange County sentences would be “co-terminus” with the Osceola County sentences. He was sentenced in Orange County. Despite the alleged agreement, the appellant claims the Department of Corrections is failing to effectuate the proper crediting of his sentence. Therefore, the appellant’s postcon-viction motion seeks correction of his sen-fencing documents so that the Department will apply the proper credit, thereby enforcing the plea agreement. This is a claim properly raised in the postconviction court. See Scott v. State, 19 So.3d 1115 (Fla. 5th DCA 2009).
The trial court, in reviewing the appellant’s motion and dismissing it, appears to mistakenly believe that the appellant is only challenging the Department of. Corrections’ failure to properly credit his sentence with all of the time awarded at sentencing. This is not the case, since the written sentence relied upon by the Department of Corrections in determining credit awards does not reflect the agreement as alleged by the appellant.[1] Only the trial court can correct the written sentencing documents to properly reflect the accepted plea agreement, if they are deficient. See Jones v. State, 931 So.2d 282 (Fla. 5th DCA 2006) (citing Cowart v. State, 749 So.2d 506 (Fla. 2d DCA 1999) (claim that defendant was promised more prison credit by trial court than DOC is now providing should be raised pursuant to rule 3.850 as motion either to enforce or withdraw his plea)).
Accordingly, we reverse the order on appeal and remand to the postconviction court to consider the merits of the appellant’s motion for postconviction relief.
REVERSED and REMANDED.
SAWAYA, MONACO and LAWSON, JJ., concur.

. Although the trial court dismissed the appellant's rule 3.850 motion, it did attach a copy of the written sentencing order.