PER CURIAM.
The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant asserts an entitlement to prison credit for time served on the incarcerative portion of his split sentence against the prison sentence imposed upon him for violating probation. For the reasons discussed below, we reverse and remand for further proceedings.
"When a defendant is resentenced for violating probation, he is entitled to prison credit for all time served on that charge prior to resentencing. Nix v. State, 941 So.2d 568 (Fla. 1st DCA 2006); see also § 921.0017, Fla. Stat. (2009) (upon revocation of probation the trial court shall determine amount of time spent in jail between date of arrest as probation violator and sentence date, and “shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted”). If a defendant is entitled to prison credit the trial court must check the *1272 box on the sentencing form indicating the prisoner is entitled to prison credit. Cf. Armstrong v. State, 846 So.2d 1227 (Fla. 2d DCA 2003); Corpus v. State, 744 So.2d 594 (Fla. 2d DCA 1999). After this is done the trial courts responsibility is over and the appellant must raise any problem he has with the application of the prison credit with the Department of Corrections. Armstrong, 846 So.2d at 1227. Here, the appellant alleges that the trial court never checked the box to award the appellant prison credit. See Swain v. State, 845 So.2d 314 (Fla. 2d DCA 2003) (remanding the denial of a rule 3.800(a) motion for the trial court to check the prison credit box so that the appellant would be awarded time served on the charges prior to resentenc-ing). The trial court failed to attach any documents indicating that the appellant was awarded prison credit, or that the appellant was not entitled to it. On remand, if it appears that the proper amount of credit was awarded or the appellant waived his entitlement to credit, the trial court must attach documents supporting that conclusion. See Wells v. State, 751 So.2d 703 (Fla. 1st DCA 2000) (holding that although a defendant can waive credit for time served as part of a plea agreement, such waiver must be clearly shown on the record).
Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
DAVIS, VAN NORTWICK, and ROWE, JJ., concur.