PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant asserts an entitlement to prison credit for time spent in the Department of Corrections on this case prior to being resentenced for violating his probation. See § 921.0017, Fla. Stat. (2009) (upon revocation of probation trial court shall determine amount of time spent in jail between date of arrest as probation violator and sentence date, and *1000 “shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted”); Swain v. State, 845 So.2d 814 (Fla. 2d DCA 2003) (remanding the denial of a rule 3.800(a) motion for the trial court to check the prison credit box so that the appellant would be awarded time served on the charges prior to resentencing). If a defendant is entitled to prison credit the trial court must check the box on the sentencing form indicating the prisoner is entitled to prison credit.[1] Armstrong v. State, 846 So.2d 1227 (Fla. 2d DCA 2003); Corpus v. State, 744 So.2d 594 (Fla. 2d DCA 1999). After this is done the trial courts responsibility is over and the appellant must raise any problem he has with the application of the prison credit with the Department of Corrections. Armstrong, 846 So.2d at 1227. Because the record does not indicate that the appellant was awarded the credit he seeks or that he is not entitled to that credit, we REVERSE and REMAND for the trial court to attach portions of the record supporting its denial or to grant relief.
LEWIS, WETHERELL, and MAKAR, JJ., concur.

. The trial court’s failure to check the box for prison credit is a claim that is cognizable in a rule 3.800(a) motion. See Turner v. State, 967 So.2d 962 (Fla. 1st DCA 2007); Swain v. State, 845 So.2d 314 (Fla. 2d DCA 2003) (remanding the denial of a rule 3.800(a) motion for the trial court to check the prison credit box so that the appellant would be awarded time served on the charges prior to resentencing).