PER CURIAM.
Edwin C. Wigley appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the postconviction court’s denial of two of his claims. Further, the trial court granted relief on a third claim, 'which is not at issue in this appeal. However, as to his fourth claim, we reverse.
On May 12,1997, the appellant pled nolo contendere to robbery (count I) in case 96-3828 and to attempted carjacking (count I), grand theft auto (count II), and criminal mischief (count III) in case 96-3829. He was sentenced as a habitual felony offender (HFO) to concurrent terms of 6 years in prison followed by 4 years on probation for each offense, except that he was sentenced to time served as to the criminal mischief charge. On January 25, 2006, the appellant admitted to violating his probation and was sentenced as an HFO to 30 years in prison on count I in each case and 10 years in prison on count II in case 96-3829.
*474 In the instant postconviction motion, the appellant argued in his fourth claim that the trial court failed to award him credit for time previously served in prison on count II in case 96-3829. A review of the judgment reveals that the trial court only awarded prison credit on count I in each case. However, the appellant was entitled to prison credit on count II as well, as he previously served 6 years in prison for that offense. See Nix v. State, 941 So.2d 568, 569 (Fla. 1st DCA 2006) (citing Swain v. State, 845 So.2d 314, 314 (Fla. 2d DCA 2003), and Corpus v. State, 744 So.2d 594, 595 (Fla. 2d DCA 1999)). Insofar as he argues that the Department of Corrections is misapplying the prison credit awarded on count I in each case, the trial court correctly determined that he is required to exhaust his administrative remedies before seeking relief from the court. See Canty v. State, 884 So.2d 123, 124 (Fla. 2d DCA 2004).
Accordingly, we reverse the trial court’s order as to the fourth claim and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED. .
ROWE, RAY, and SWANSON, JJ., concur.