845 So.2d 314 (2003)
George J. SWAIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-190.
District Court of Appeal of Florida, Second District.
May 16, 2003.
*315 KELLY, Judge.
George J. Swain, Jr., challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for Swain to receive prison credit for time previously served.
Swain was originally sentenced to a prison term, followed by three years' probation. Upon violation of probation, the trial court sentenced Swain to eighty months in prison. The sentence awards Swain with eighty-eight days of jail credit, but does not award prison credit (the prison credit provision on the form is not checked).
Upon sentencing for a violation of probation, the trial court's failure to properly credit the defendant for prior prison time served is an issue which a defendant may raise in a rule 3.800(a) motion. See Burnett v. State, 745 So.2d 1043 (Fla. 2d DCA 1999). Here, Swain's sentence upon violation of probation does not grant him credit for time previously served in the Department of Corrections (DOC) on this same charge. Upon violating the probationary portion of a split sentence, the defendant is entitled to credit for time served on the incarcerative portion. See Singletary v. Slay, 688 So.2d 319 (Fla. 1997); Layman v. State, 787 So.2d 44 (Fla. 2d DCA 2001). Thus, we reverse the denial of Swain's motion and remand for the trial court to check the prison credit provision of Swain's sentence so that, in addition to the eighty-eight days of jail credit, he receives prison credit for all the time he previously served in the DOC on this charge prior to resentencing.
Reversed and remanded.
CASANUEVA and COVINGTON, JJ., Concur.