967 So.2d 962 (2007)
Anne TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1121.
District Court of Appeal of Florida, First District.
October 10, 2007.
Anne Turner, pro se, Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
*963 PER CURIAM.
The appellant challenges the trial court's summary denial of her "Motion to Amend Sentence and Judgment to Include in Writing Oral Pronouncement of Previous Prison Credit Awarded" filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which she alleged that she is entitled to credit for time served in prison prior to her resentencing after a violation of probation. Because the appellant has stated a facially sufficient claim for relief that her sentence is illegal, we reverse.
The appellant alleges that the trial court orally pronounced that she should receive prison credit, but that the prison credit award is not reflected in her written judgment and sentence. The trial court denied the appellant's motion, attaching the sentencing transcript to indicate that the Department of Corrections was directed to calculate and apply credit for time previously served. The trial court, however, did not attach the appellant's written judgment and sentence to establish that prison credit was actually awarded. Upon a violation of probation and resentencing, an accused is entitled to prison credit for all time served on the charge prior to resentencing. See Swain v. State, 845 So.2d 314 (Fla. 2d DCA 2003)(remanding the denial of a rule 3.800(a) motion for the trial court to check the prison credit box so that the appellant would be awarded time served on the charges prior to resentencing); Corpus v. State, 744 So.2d 594, 595 (Fla. 2d DCA 1999) (remanding to trial court to check the prison credit box on the sentencing form).
We accordingly reverse and remand for the trial court to resentence the appellant and award prison credit for her time served prior to her violation of probation or to provide record attachments conclusively refuting the appellant's claim.
REVERSED AND REMANDED.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.