971 So.2d 913 (2007)
Robert RABEDEAU, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1105.
District Court of Appeal of Florida, Fifth District.
December 14, 2007.
*914 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
This appeal presents the following question:
IS A DEFENDANT, ON RESENTENCING, ENTITLED TO CREDIT ON EACH NEWLY IMPOSED CONSECUTIVE SENTENCE FOR PRISON TIME ALREADY SERVED ON THE ORIGINAL CONCURRENT SENTENCES?
We answer the question in the affirmative and certify conflict with our sister court's decision in Gisi v. State, 948 So.2d 816 (Fla. 2d DCA 2007), rev. granted, 952 So.2d 1189 (Fla.2007).
Rabedeau was originally convicted of three counts of lewd and lascivious conductall second degree felonies. For those convictions, he was ordered to serve three concurrent two-year terms of community control, followed by three concurrent thirteen year terms of probation. He subsequently violated his community control and was sentenced to three concurrent five year prison terms, followed by three concurrent nine year terms of probation. After Rabedeau completed his prison term, the State filed an affidavit alleging that he had violated several conditions of his probation. Rabedeau ultimately entered a guilty plea to the violation of probation charges. The trial court sentenced Rabedeau to three consecutive ten year prison terms. Rabedeau was given credit for the five years already served in prison as to only one of the three counts.
Rabedeau subsequently filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). He contended he was entitled to five years of prison term credit on each of the three counts. Bound by the Gisi decision, the trial court denied Rabedeau's motion.
Upon violating the probationary portion of a split sentence, a defendant is entitled, on resentencing, to credit for time served on the incarcerative portion. See Singletary v. Slay, 688 So.2d 319 (Fla. 1997); Turner v. State, 967 So.2d 962 (Fla. 1st DCA 2007); Swain v. State, 845 So.2d 314 (Fla. 2d DCA 2003). Here, Rabedeau was serving a split sentence on three different felony offenses. Because his sentences ran concurrently, Rabedeau completed the incarcerative portion of each sentence. Accordingly, he is entitled to credit on each sentence.
We disagree with Gisi's conclusion that acceptance of the defendant's argument *915 would "elevate a legal fiction into a reality." Id. at 819. By its very nature, concurrent sentences enable a defendant to serve two or more sentences at a single time. Consider, for example, if Rabedeau had originally been sentenced to three concurrent five year prison terms without probation to follow. Upon serving the five years in prison, Rabedeau would clearly be found to have completed his five year prison sentence as to each of the three felony offenses, not just as to one offense. Such a result would not be considered an elevation of a legal fiction into reality even though the defendant served five, not fifteen, years in prison.
REVERSED and REMANDED for Resentencing; CONFLICT CERTIFIED.
SAWAYA and TORPY, JJ., concur.