PER CURIAM.
 

 This case is before the Court for review of the decision of the Fifth District Court of Appeal in
 
 Rabedeau v. State,
 
 971 So.2d 913 (Fla. 5th DCA 2007). The district court certified that its decision is in direct conflict with the decision of the Second District Court of Appeal in
 
 Gisi v. State,
 
 948 So.2d 816 (Fla. 2d DCA 2007).
 
 Rabedeau,
 
 971 So.2d at 914. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const. We approve the Fifth District’s holding that defendants who are sentenced to concurrent terms in multiple cases are entitled to credit for time served in each of the cases upon resentencing, and we disapprove of the decision to the contrary in
 
 Gisi.
 

 Proceedings to Date
 

 The Fifth District’s opinion outlines the facts and proceedings leading up to this Court’s review:
 

 Rabedeau was originally convicted of three counts of lewd and lascivious conduct — all second degree felonies. For those convictions, he was ordered to serve three concurrent two-year terms of community control, followed by three concurrent thirteen year terms of probation. He subsequently violated his community control and was sentenced to three
 
 concurrent
 
 five year prison terms, followed by three concurrent nine year terms of probation. After Rabedeau completed his prison term, the State filed an affidavit alleging that he had violated several conditions of his probation. Rabedeau ultimately entered a guilty plea to the violation of probation charges. The trial court sentenced Ra-bedeau to three
 
 consecutive
 
 ten year prison terms. Rabedeau was given credit for the five years already served in prison as to only one of the three counts.
 

 
 *193
 
 Rabedeau subsequently filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). He contended he was entitled to five years of prison term credit on each of the three counts. Bound by the
 
 Gisi
 
 decision, the trial court denied Rabe-deau’s motion.
 

 Rabedeau,
 
 971 So.2d at 914. The Fifth District, relying on the decisions and opinions in
 
 Singletary v. Slay,
 
 688 So.2d 319 (Fla.1997);
 
 Turner v. State,
 
 967 So.2d 962 (Fla. 1st DCA 2007); and
 
 Swain v. State,
 
 845 So.2d 314 (Fla. 2d DCA 2003), reversed the trial court’s decision and held that Rabedeau was entitled to credit for time served on his concurrent sentences in each of the three cases for which consecutive sentences were subsequently imposed after he violated probation.
 
 Rabedeau,
 
 971 So.2d at 914.
 

 In a succinct opinion by Judge Evander, the Fifth District explained its ruling: “Because his sentences ran concurrently, Rabedeau completed the incarcerative portion of
 
 each
 
 sentence. Accordingly, he is entitled to credit on each sentence.”
 
 Id.
 
 We agree and approve the Fifth District’s opinion and decision, and disapprove the Second District’s earlier and conflicting decision in
 
 Gisi
 
 denying a defendant credit for time served concurrently on multiple sentences when the defendant was resen-tenced in those same cases.
 

 ANALYSIS
 

 When a criminal defendant is sentenced after being convicted of a crime and serves some portion of that sentence, he or she is entitled to receive credit for the actual service of that sentence, or any portion thereof, in a resentencing for the same crime. Likewise, if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions. The word “concurrently” simply means “at the same time,” and by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time.
 

 We reject the Second District’s contrary holding in
 
 Gisi
 
 and its characterization of a concurrent sentence as a “legal fiction.”
 
 See Gisi
 
 948 So.2d at 819. There are a multiplicity of valid reasons why a trial court may properly exercise its discretion to have multiple sentences served concurrently rather than consecutively. Hence, concurrent sentences are a valid legal sentencing option rather than a legal fiction. As the Fifth District explained here:
 

 We disagree with
 
 Gisi’s
 
 conclusion that acceptance of the defendant’s argument would “elevate a legal fiction into a reality.” [948 So.2d] at 819. By its very nature, concurrent sentences enable a defendant to serve two or more sentences at a single time. Consider, for example, if Rabedeau had originally been sentenced to three concurrent five year prison terms
 
 without
 
 probation to follow. Upon serving the five years in prison, Rabedeau would clearly be found to have completed his five year prison sentence as to each of the three felony offenses, not just as to one offense. Such a result would not be considered an elevation of a legal fiction into reality even though the defendant served five, not fifteen, years in prison.
 

 Rabedeau,
 
 971 So.2d at 914-15. Rabedeau completed the incarcerative portion of his split sentences on each of his three convictions by serving five years on each sentence that was ordered to be served concurrently. As the Fifth District noted, but for the probationary term of nine years on each count (also imposed concurrently),
 
 *194
 
 Rabedeau would have actually completed his sentences in all three cases.
 

 On the other hand, the Second District in
 
 Gisi,
 
 by failing to recognize Gisi’s entitlement to credit for time served for each of the multiple sentences imposed and ordered to be served concurrently by the trial court, effectively voided the trial court’s decision to allow multiple sentences to be served concurrently. The Second District failed to recognize that once concurrent sentences were imposed, and Gisi began serving those sentences, his entitlement to credit for time served on each sentence was established in the same way that his entitlement would be established in a single case that was returned for resentencing. Once a defendant actually serves the time, credit naturally, and legally, follows.
 
 [1]
 

 Accordingly, we affirm and approve the decision of the Fifth District in
 
 Rabedeau
 
 and disapprove the Second District’s decision in
 
 Gisi
 

 It is so ordered.
 

 QUINCE, C.J., WELLS, PARIENTE, and LEWIS, JJ., and ANSTEAD, Senior Justice, concur.
 

 CANADY, J., dissents.
 

 POLSTON, did not participate.
 

 [1]
 

 . In
 
 Gisi,
 
 the Second District certified the question of a defendant’s entitlement to credit for prison time served on concurrent sentences upon resentencing for the same convictions: "Is a defendant, on resentencing, entitled to credit on each newly imposed consecutive sentence for prison time already served on the original concurrent sentences?”
 
 Gisi,
 
 948 So.2d at 820. By our approval of the Fifth District's decision today we have answered that question in the affirmative.