PER CURIAM.
 

 Based upon the state’s concession of error, we reverse the sentence imposed after appellant’s violation of probation. In
 
 State v. Rabedeau, 2
 
 So.3d 191 (Fla.2009), decided after the sentencing in this case, the supreme court disapproved the holding of
 
 Gisi v. State,
 
 948 So.2d 816 (Fla. 2d DCA 2007), on which the trial court had relied in denying credit for time served on the second of two counts on which the court imposed consecutive sentences. The defendant in
 
 Rabedeau
 
 was originally sentenced to concurrent terms for several counts and served time in prison. After violating his probation, he was sentenced to consecutive terms but given credit for time served against only the first count. The supreme court held that “defendants who are sentenced to concurrent terms in multiple cases are entitled to credit for time served in each of the cases upon resentencing.”
 
 Rabedeau,
 
 2 So.3d at 192.
 

 In this case, just as in
 
 Rabedeau-,
 
 the defendant was originally sentenced to concurrent terms for two counts. Upon violation of probation, the trial court imposed consecutive terms for those two counts but gave credit for time served only on the first count. Consistent with
 
 Rabedeau,
 
 we reverse and remand for the trial court to award credit for time served against both of the consecutive sentences imposed on appellant.
 

 Reversed and remanded to correct sentence.
 

 WARNER, LEVINE, JJ„ and McCANN, JAMES W., Associate Judge, concur.