*812
 
 VILLANTI, Judge.
 

 This case is on remand from the supreme court for reconsideration in light of its decisions in
 
 State v. Rabedeau,
 
 2 So.3d 191 (Fla.2009), and
 
 Gisi v. State,
 
 4 So.3d 613 (Fla.2009). Because we conclude that
 
 Rabedeau
 
 and
 
 Gisi
 
 are inapplicable to Eddie Lee Steadman’s case, we affirm.
 

 Steadman pleaded and was sentenced in two cases. In case number 06-009195, he was convicted of burglary of a conveyance, grand theft, two counts of aggravated assault, fleeing or eluding, driving with a suspended license, and giving false identification to law enforcement. His sentences for one count of aggravated assault, fleeing or eluding, and driving with a suspended license were consecutive to the other sentences. The sentences for the other counts were concurrent. The trial court gave Steadman jail time credit on all concurrent counts but did not give him jail time credit on the three consecutive counts, counts 3, 5, and 6.
 

 In case number 06-009500, Steadman was convicted of driving with a suspended license, fleeing or eluding, resisting an officer, burglary of a conveyance, and grand theft. His sentences for driving with a suspended license, fleeing or eluding, resisting an officer, and grand theft were concurrent, but his sentence for burglary was consecutive to the other sentences. The trial court gave Steadman jail time credit on the three concurrent counts, but did not give him jail time credit on the consecutive burglary count, count 4.
 

 Steadman filed a motion to correct sentencing error, arguing that the trial court should have given him credit for time served in jail while awaiting sentence on counts 3, 5, and 6 of case number 06-009195, and on count 4 of case number 06-009500. The trial court denied the motion, and Steadman appealed. On appeal, both Steadman and the State asserted that this case was controlled by
 
 Gisi v. State,
 
 948 So.2d 816 (Fla. 2d DCA 2007), which at the time was pending before the supreme court. We affirmed,
 
 Steadman v. State,
 
 997 So.2d 417 (Fla. 2d DCA 2008) (table decision), and Steadman sought and was granted review by the supreme court. Accordingly, when the supreme court decided
 
 Gisi
 
 and
 
 Rabedeau,
 
 it remanded Stead-man’s appeal for further consideration by this court.
 
 Steadman v. State,
 
 14 So.3d 218 (Fla.2009).
 

 Rabedeau
 
 and
 
 Gisi
 
 are inapplicable to this case because they involved denial of credit for time served in
 
 prison
 
 on previously served concurrent prison sentences before the defendant was resentenced to consecutive prison terms. In
 
 Rabedeau,
 
 the defendant was first sentenced to three concurrent five-year prison terms, followed by three concurrent nine-year probation terms. 2 So.3d at 192. After completing his concurrent five-year prison terms, the defendant violated probation and was re-sentenced to three consecutive ten-year prison terms.
 
 Id.
 
 He received five years’ credit for time served in prison on only one of the new ten-year sentences.
 
 Id.
 
 The supreme court held that upon resen-tencing to consecutive sentences, the trial court was required to give the defendant credit for the time served on all three concurrently served prison sentences against each new consecutive sentence.
 
 Id.
 
 at 193 (“[I]f multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions.”). Similarly,
 
 Gisi
 
 involved a defendant who was originally sentenced concurrently on fourteen counts but who, upon resentencing, received three consecutive fifteen-year sentences. 948 So.2d at 817. Like the defendant in
 
 Rabedeau,
 
 the defendant in
 
 Gisi
 
 argued that he was entitled to credit for time served in prison on
 
 *813
 
 each of his three new sentences,
 
 see
 
 948 So.2d at 819, and the supreme court agreed,
 
 see
 
 4 So.Bd at 614. Neither
 
 Rabe-deau nor Gisi
 
 addressed the issue presented in the present case: credit for time spent in
 
 jail
 
 while awaiting sentence.
 

 “Time spent in jail before sentencing initially occurs differs from time served as part of ... a sentence.”
 
 Bar-nishin v. State,
 
 927 So.2d 68, 71 (Fla. 1st DCA 2006). When a defendant receives concurrent sentences, he is entitled to receive credit on each sentence for time spent in jail before sentencing.
 
 Daniels v. State,
 
 491 So.2d 543, 545 (Fla.1986) (“[W]hen ... a defendant receives pre-sentence jail-time credit on a sentence that is to run
 
 concurrently
 
 with other sentences, those sentences must also reflect the credit for time served.”);
 
 Bamishin,
 
 927 So.2d at 71. However, a “defendant [who] does not receive concurrent sentences on multiple charges ... ‘is not entitled to have his jail time credit pyramided by being given credit
 
 on each sentence
 
 for the full time he spends in jail awaiting disposition.’ ”
 
 Daniels,
 
 491 So.2d at 545 (quoting
 
 Martin v. State,
 
 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)). Rather, “a defendant who is convicted of multiple offenses and sentenced to consecutive terms of imprisonment must be given presen-tence jail credit only on the first of the consecutive sentences.”
 
 Canete v. Fla. Dep’t of Carr.,
 
 967 So.2d 412, 415-16 (Fla. 1st DCA 2007);
 
 see also Keene v. State,
 
 500 So.2d 592, 594 n. 2 (Fla. 2d DCA 1986) (“In the case of consecutive sentences, a defendant is only entitled to credit against one of the sentences.... ”);
 
 Bamishin,
 
 927 So.2d at 71 (“If convicted of multiple offenses, the defendant must be given [jail time] credit only on the first of consecutive sentences.”);
 
 Gillespie v. State,
 
 910 So.2d 322, 324 (Fla. 5th DCA 2005) (“[J]ail time credit need not be applied to all consecutive sentences.”). Consistent with established case law, Steadman received jail time credit on all concurrent sentences and did not receive credit on the consecutive sentences. This case is not affected by
 
 Gisi
 
 or
 
 Rabedeau,
 
 and the trial court did not err.
 

 Affirmed.
 

 CASANUEVA, C.J., and KHOUZAM, J., Concur.