MORRIS, Judge.
Nelson Santiago appeals the summary denial of his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to reconsider his claim.
On September 12, 2005, Santiago was sentenced to concurrent terms of 364 days in the county jail followed by two years’ probation on one count of burglary of a conveyance and one count of grand theft. Santiago actually served an unspecified number of days in jail. Sometime after his release, he pleaded guilty to violating his probation. As a result, the court sentenced Santiago to consecutive five-year prison sentences on September 1, 2006.
Santiago contends that he is entitled to credit for the time he spent incarcerated prior to release on probation on each of his now consecutive sentences. Santiago appropriately relies upon State v. Rabedeau, 2 So.3d 191, 193 (Fla.2009), which holds that “if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions.” The written sentence does not clearly reflect how the circuit court calculated Santiago’s jail credit. Although the court checked a provision awarding Santiago 414 days of jail credit, it is unclear whether the court intended to award credit on each of the consecutive sentences and, if so, how much credit was to be applied to each sentence. Under Rabedeau, Santiago is entitled to credit for time originally served in the county jail for each offense upon resentencing. Id.
Furthermore, the sentencing documents do not clearly indicate how many of the 414 days were credited for time Santiago spent in jail after his arrest on the violation of probation (VOP). We can only speculate that some portion of the 414 days awarded to Santiago must have been days served in the county jail after he was arrested for the VOP, as his original sentence was limited to concurrent terms of 364 days in jail. As to that post-VOP jail time, however, Santiago is entitled to credit only on the first of his current consecutive sentences. See Steadman v. State, 23 So.3d 811, 813 (Fla. 2d DCA 2009).
Because the record is not clear as to what portion of the 414 days of jail credit was awarded for time served on the original sentence — which must be applied to each consecutive sentence — we reverse and remand for the postconviction court to reconsider Santiago’s motion in light of Rabedeau.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.