ALTENBERND, Judge.
Joseph Safrany appeals the amended sentences entered on his resentencing for three counts of DUI manslaughter and one count of DUI causing serious bodily injury for offenses that occurred in April 2000. These amended sentences were entered as a result of a resentencing hearing afforded to Mr. Safrany based on a postconviction determination of ineffective assistance of counsel at sentencing.[1] We reverse and remand.
Mr. Safrany had already begun serving concurrent life prison sentences on the three counts of DUI manslaughter when he was granted this resentencing hearing. At resentencing, the trial court orally pronounced three fifteen-year terms of imprisonment on Mr. Safrany’s three convictions for DUI manslaughter, which were to be served consecutively rather than concurrently. The written amended sentences properly reflected this oral pronouncement. Unfortunately, the three sentences did not adequately address credit for time served in the context of a shift from concurrent to consecutive sentences.
The trial court also orally pronounced a sentence of five years’ imprisonment on Mr. Safrany’s conviction for DUI causing serious bodily injury, count seven, but the written amended sentence incorrectly re- *193 fleeted a term of fifteen years’ imprisonment. During the pendency of this appeal, Mr. Safrany’s appellate counsel filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alerting the trial court to this sentencing error. In the motion, Mr. Saf-rany’s counsel also alerted the trial court to the error in credit for time served on the three convictions for DUI manslaughter, counts one, two, and three, in light of the holding in State v. Rabedeau, 2 So.3d 191 (Fla.2009). The trial court, however, failed to address the motion to correct sentencing error; and it is thus deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B).
As properly conceded by the State, the amended sentence on count seven must be corrected. We note that Mr. Safrany has fully served his sentence on the conviction for count seven. On remand, care should be taken to assure that the correction of the sentence does not result in a new sentence that might appear to require additional time in prison on count seven. Additionally, pursuant to Rabedeau, 2 So.3d at 193, Mr. Safrany is entitled to credit on each of his consecutive sentences on counts one, two, and three, for the time he served on his original concurrent sentences on these three counts.[2]
Reversed and remanded.
SILBERMAN, C.J., and DAVIS, J., Concur.

. This is not Mr. Safrany’s first visit to this court. See Safrany v. State, 895 So.2d 1145 (Fla. 2d DCA 2005) (granting in part and denying in part a petition for ineffective assistance of appellate counsel); Safrany v. State, 96 So.3d 897 (Fla. 2d DCA 2004) (affirming without opinion appeal of judgments and sentences).

. We reject the State’s suggestion that this matter requires an entire resentencing.