PER CURIAM.
In this direct appeal the appellant challenges the sentences imposed after the trial court granted a rule 3.800(b) motion to correct scoresheet error and resen-tenced him. We deny the appellant’s double jeopardy claim and, with the exception discussed below, we affirm the judgment and sentences without further discussion. However, because the appellant’s sentences were originally all running concurrently to each other, the appellant was entitled to credit on each count for the time he spent in jail or prison after the original sentence was imposed but before he was resentenced to consecutive terms. See Gisi v. State, 4 So.3d 613 (Fla.2009) (holding that a defendant on resentencing is entitled to credit on each newly imposed consecutive sentence for prison time already served on the original concurrent sentences); State v. Rabedeau, 2 So.3d 191 (Fla.2009) (same). Accordingly, we reverse and remand for the trial court to award credit on each count for time spent in jail or prison from the date of the appellant’s original sentence to the date he was resentenced.
AFFIRMED in part, REVERSED and REMANDED in part for further proceedings.
LEWIS, WETHERELL, and MAKAR, JJ., concur.