SILBERMAN, Judge.
Ramond L. Walker, Jr., challenges the order of the postconviction court granting in part and denying in part his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Walker was convicted of two counts of armed robbery with a firearm in two separate incidents, and the trial court imposed consecutive prison sentences. On count one of the information, Walker was awarded 1376 days’ credit against the prison sentence for the time spent in county jail awaiting sentencing.
In his rule 3.800(a) motion, Walker alleged that he was entitled to 1380 days’ credit on both counts. The postconviction court properly found that because Walker was sentenced to consecutive prison sentences, he was entitled to jail credit on count one, but not on count two. See Steadman v. State, 23 So.3d 811, 813 (Fla. 2d DCA 2009) (holding that “a ‘defendant [who] does not receive concurrent sentences on multiple charges ... is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition’”; he is only entitled to jail credit on the first of the consecutive sentences (quoting Daniels v. State, 491 So.2d 543, 545 (Fla.1986))).
The postconviction court determined, based on a computer printout, that Walker was arrested on May 14, 2005, and was entitled to 1379 days of credit on *909 count one. Thus, the court awarded him an additional 3 days’ credit on that count. However, Walker correctly alleged that he is entitled to 1380 days’ credit on that count. The relevant portion of the trial transcript shows that he was arrested on the two robberies shortly after 11:00 p.m., on May 13, 2005. The State does not dispute this information. Thus, Walker is entitled to jail credit for that day because he was in actual custody. See Bronk v. State, 25 So.3d 701, 703 (Fla. 2d DCA 2010) (holding that the statutory entitlement to presentence jail credit starts with the initial arrest for a criminal offense). On remand, the postconviction court shall award Walker one additional day of jail credit on count one.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and CRENSHAW, JJ., Concur.