# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2989
Lower Tribunal No. 02-15545C
_____

**Ernest M. Flowers,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A case of Original Jurisdiction—Habeas Corpus.

Ernest M. Flowers, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Flowers petitions this Court for a writ of habeas corpus. We deny the amended petition without further comment. Because Flowers has sought relief in this Court on numerous occasions, we order Flowers to show good cause within

forty-five (45) days why he should not be prohibited from filing further pro se filings in this Court on his conviction and sentence imposed in case number F02-015545c.

On June 30, 2004, the trial court adjudicated Earnest M. Flowers guilty of burglary with assault and battery of a person using a firearm, and four (4) counts of attempted robbery, as a lesser-included offense to armed robbery. The trial court sentenced Flowers to life, with fifteen (15) years mandatory, as a habitual violent offender, life for burglary with assault or battery of a person using a firearm, and ten (10) years, with five (5) years mandatory, for each of the four (4) attempted burglary charges. On August 16, 2005, pursuant to a rule 3.800(b), Florida Rules of Criminal Procedure, Flowers filed a Motion to Correct Illegal Sentence, after which the trial court entered a "Nunc Pro Tunc" Order, modifying the sentences to run concurrent on all counts.

*I.     Facts*

Flowers has filed at least fifteen (15) motions and various petitions in this Court. This Court denied the petitions and motions with the exception of Flowers' motions to withdraw or amend various pleadings. See Flowers v. State, 964 So. 2d 721 (Fla. 3d DCA 2007); Flowers v. State, 49 So. 3d 252 (Fla. 3d DCA 2010); Flowers v. State, 103 So. 3d 165 (Fla. 3d DCA 2012); Flowers v. State, 28 So. 3d 55 (Fla. 3d DCA 2010); Flowers v. State, 2014 WL 2624980 (Fla. App. 3 Dist.).

2

Flowers first filed in this Court on July 23, 2004. He appealed his judgment of conviction and sentence, which this Court affirmed on January 18, 2006. Flowers v. State, 920 So. 2d 8 (Fla. 3d DCA 2006). Three years later, on May 29, 2007, he moved for post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. We treated the petition as an appeal and per curiam affirmed. Flowers v. State, 964 So. 2d 721 (Fla. 3d DCA 2007). This Court denied Flowers' motion for rehearing and rehearing en banc.

On November 25, 2009, Flowers again moved for post-conviction relief, pursuant to rule 3.800, Florida Rules of Criminal Procedure. This Court treated the motion as an appeal and per curiam affirmed. Flowers v. State, 28 So. 3d 55 (Fla. 3d DCA 2010). We denied Flowers' motion for rehearing. Less than one year later, he again moved for relief, pursuant to rule 3.800. We treated the motion as an appeal and per curiam affirmed. Flowers v. State, 49 So. 3d 252 (Fla. 3d DCA 2010). We denied Flowers' motion for rehearing.

A petition for relief followed. On March 2, 2012, Flowers filed a petition for prohibition, which we denied. Flowers v. State, 88 So. 3d 948 (Fla. 3d DCA 2012). He thereafter moved once more for post-conviction relief, pursuant to rule 3.850. This Court per curiam affirmed his request for relief. Flowers v. State, 103 So. 3d 165 (Fla. 3d DCA 2012), and denied his motion for rehearing. Flowers

3

appealed further. The Florida Supreme Court dismissed his petition. Flowers v. State, 115 So. 3d 999 (Fla. 2013).

Flowers filed two additional petitions in this Court. On February 3, 2014, he filed for habeas corpus relief. We denied the petition. Flowers v. State, 2014 WL 2624980 (Fla. App. 3 Dist.). We also denied his motion for rehearing. He filed the other habeas corpus petition, now under review, ten months later.

*II. Analysis*

It is well established that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). However, successive motions that have been heard, considered, rejected, and then raised again, are an abuse of process. Conception v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006).

This Court has the inherent authority and duty to limit abuses of the judicial process by pro se litigants. Golden v. Buss, 60 So. 3d 461, 462 (Fla. 1st DCA 2011). This rule applies to circumstances where, as here, Flowers has filed at least fifteen (15) motions and petitions. Additionally, he has filed pleadings for relief on eight separate occasions. Flowers' requests have been heard, considered, and rejected many times. The record thus plainly supports the issuance of this Order.

4

*III. Conclusion*

We therefore order Flowers to show good cause within forty-five (45) days why he should not be prohibited from filing further pro se pleadings in this Court concerning his conviction and sentence imposed in case number F02-015545c.

Amended petition for writ of habeas corpus denied and order to show cause issued.