DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORMAN DELACRUZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-303

[December 16, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 98CF013741AMB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONCESSION OF ERROR*

GERBER, J.

The defendant appeals from the circuit court's order denying his motion to correct sentencing error. The state concedes the sentencing error. We reverse and remand for correction of the sentencing error.

The defendant was convicted of a first-degree felony (count 1) and three second-degree felonies (counts 2, 3, and 4). On all four counts, he was sentenced to concurrent terms of ten years in prison followed by ten years of probation, the first two years of which would be served on community control.

The defendant violated community control. On count 1, the court sentenced the defendant to thirty years in prison. On count 2, the court sentenced the defendant to fifteen years in prison to be served concurrently with count 1's sentence. On counts 3 and 4, the court sentenced the defendant to fifteen years in prison, to be served consecutively to each other and to the sentences on counts 1 and 2.

The court gave the defendant credit for time served on counts 1 and 2 arising from his pre-violation concurrent sentences. However, the court did not give the defendant credit for time served on counts 3 and 4 arising from his pre-violation concurrent sentences.

The defendant filed a motion to correct sentencing error arguing that the court, in its post-violation sentence, erred in not giving him credit for time served on counts 3 and 4 arising from his pre-violation concurrent sentences. The court did not rule on the defendant's motion within sixty days, causing the motion to be considered denied. *See* Fla. R. Crim. P. 3.800(b)(1)(B) & 3.800(b)(2)(B).

This appeal followed. The defendant argues that the circuit court, in its post-violation sentence, erred in not giving him credit for time served on counts 3 and 4 arising from his pre-violation concurrent sentences. According to the defendant: "The fact that the [court] . . . sentenced him to consecutive prison terms [upon the community control violation] did not negate the fact that he had already served his [pre-violation] prison time on each of the then-concurrent sentences."

The state concedes the error. We agree. In *State v. Rabedeau,* 2 So. 3d 191 (Fla. 2009), our supreme court held that a defendant who was sentenced to three concurrent prison terms and later violated probation was entitled to credit for time served arising from each of his pre-violation concurrent sentences. *Id.* at 193. As the *Rabedeau* court reasoned:

> When a criminal defendant is sentenced after being convicted of a crime and serves some portion of that sentence, he or she is entitled to receive credit for the actual service of that sentence, or any portion thereof, in a resentencing for the same crime. *Likewise, if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions.* The word "concurrently" simply means "at the same time," and by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time.

*Id.* (emphasis added).

Here, as in *Rabedeau,* the defendant was entitled to credit for time served arising from each of his pre-violation concurrent sentences,

including on counts 3 and 4, regardless of the fact that the court, post-violation, imposed consecutive sentences on counts 3 and 4.

Based on the foregoing, we reverse the circuit court's denial of the defendant's motion to correct sentencing error. We remand for the circuit court to correct the defendant's post-violation sentence by giving him credit for time served on counts 3 and 4 arising from his pre-violation concurrent sentences.

*Reversed and remanded for correction of sentences on counts 3 and 4.*

TAYLOR and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**