DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAWRENCE LEE VINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-283

[March 30, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562009CF04110A.

Lawrence Vinson, Carrabelle, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Lawrence Vinson ("Defendant") appeals from the revocation of his probation and the resulting judgment and sentence in his underlying criminal case. Defendant presents the following arguments on appeal: (1) the court erred in finding that he willfully and substantially violated the conditions of probation; (2) the court erred in resentencing him without awarding the appropriate credit for time served; and (3) Defendant was denied effective assistance of counsel at the revocation hearing. We affirm the revocation order without further comment but remand for the trial court to correct sentencing.

In December of 2009, Defendant was charged with lewd or lascivious conduct on a person under the age of sixteen ("Count 1"), battery by strangulation ("Count 2"), and child abuse ("Count 3"). After the State agreed to nolle prosse Count 1, Defendant pled no contest to Counts 2 and 3. On both counts, Defendant was sentenced to concurrent terms of thirty-seven months in prison followed by twenty-three months of probation. After his release from prison, Defendant violated probation and the court resentenced him on the underlying charges. On Counts 2 and 3, the trial court sentenced Defendant to consecutive five-year prison

sentences. On Count 2, the court gave Defendant credit for time served on his pre-violation concurrent sentences. The court, however, gave no such credit on Count 3.

During the pendency of this appeal, Defendant filed a motion to correct sentencing error arguing that the court erred in not giving him credit for time served on Count 3. The court failed to rule on Defendant's motion within sixty days, thereby causing the motion to be considered denied for appellate review purposes. *See* Fla. R. Crim. P. 3.800(b)(2)(B); *Delacruz v. State*, 180 So. 3d 227, 228 (Fla. 4th DCA 2015).

On appeal, Defendant argues that in resentencing him to two five-year consecutive sentences, the court was required to award him the jail and prison credit on both counts because he served the pre-violation sentences for Counts 2 and 3 concurrently. The State concedes error, and we agree.

In *State v. Rabedeau*, 2 So. 3d 191, 228-29 (Fla. 2009), the supreme court addressed the issue of entitlement to credit for time served on prior concurrent sentences:

> When a criminal defendant is sentenced after being convicted of a crime and serves some portion of that sentence, he or she is entitled to receive credit for the actual service of that sentence, or any portion thereof, in a resentencing for the same crime. **Likewise, if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions**. The word "concurrently" simply means "at the same time," and by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time.

(emphasis added).

Here, in imposing pre-violation concurrent sentences, the trial court permitted Defendant to serve multiple sentences at the same time. Therefore, Defendant "was entitled to credit for time served arising from each of his pre-violation concurrent sentences, including on [Count 3], regardless of the fact that the court, post-violation, imposed consecutive sentences on" Counts 2 and 3. *Delacruz*, 180 So. 3d at 227.

We accordingly reverse the court's denial of Defendant's motion to correct sentencing error and remand with instructions that the court award Defendant the appropriate credit for time served on Count 3. As to

Defendant's ineffective assistance of counsel argument, we hold that it is not apparent on the face of the record that Defendant's counsel was deficient. In reaching this conclusion, however, we are not commenting on the merits of such a claim.

*Affirmed in part, reversed in part, and remanded for correction of sentence on Count 3.*

MAY and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**