NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY CAPPELLETTI,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )      Case No. 2D15-3981
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed April 22, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Collier County; Lauren L. Brodie, Judge.

Anthony M. Cappelletti, pro se.


PER CURIAM.

        Anthony M. Cappelletti appeals the order denying his motion for jail credit

filed under Florida Rule of Criminal Procedure 3.801.[1]  Cappelletti's motion was filed

_____

        [1]In addition to seeking more jail credit in his motion, Cappelletti argued
that the trial court erred in running his burglary sentence consecutive to his
misdemeanor sentences because all of the offenses occurred during a single criminal
episode.  See Hale v. State, 630 So. 2d 521, 525 (Fla. 1993).  However, a Hale claim is
not cognizable in a rule 3.801 motion; it may be raised in a facially sufficient rule

without the oath required by rule 3.801(c).  Accordingly, we reverse and remand with instructions for the postconviction court to strike Cappelletti's motion for failure to include the requisite oath and afford him an opportunity to file an amended motion in compliance with the requirements of rule 3.801.  See Jones v. State, 143 So. 3d 1102, 1103 (Fla. 5th DCA 2014) (holding that because Jones' motion was compliant in all respects save an oath, he was entitled to an opportunity to amend pursuant to rule 3.801(e), which incorporates the provision in rule 3.850(f)(2) that if a motion is facially insufficient, the trial court must give the defendant 60 days to amend).

Should Cappelletti file a timely and facially sufficient motion, we draw the postconviction court's attention to section 921.161(2), Florida Statutes (2010), which provides that defendants shall be awarded credit for all time spent in county jail before sentencing.  The trial court awarded Cappelletti 568 days of jail credit on his misdemeanor counts only.  However, because the court imposed the habitual felony offender sentence of ten years consecutive to his longest misdemeanor sentence of one year in county jail and jail credit is only awarded against the first of consecutive sentences, see Steadman v. State, 23 So. 3d 811, 813 (Fla. 2d DCA 2009), it appears that Cappelletti has a balance remaining of 203 days of jail credit.  The only way for Cappelletti to be awarded all of the jail credit to which he is entitled is to apply the balance remaining against his consecutive burglary sentence.

Reversed and remanded for further proceedings.

---

3.800(a) motion.  See Harris v. State, 845 So. 2d 250, 250 (Fla. 2d DCA 2003) (affirming without prejudice to any right Harris might have to file a facially sufficient motion under rule 3.800(a) alleging that his consecutive habitual violent felony offender sentences were illegal because the offenses were part of a single criminal episode and identifying with particularity the nonhearsay record documents, such as a trial transcript, that support his claim).

WALLACE, MORRIS, and LUCAS, JJ., Concur.