GROSS, J.
In 1991, appellant was sentenced to a series of lengthy consecutive sentences for a number of crimes committed in 1989, including 6 counts of armed robbery., A motion for postconviction relief demonstrated a problem with the original sentence, so in 2011, appellant was resen-tenced to concurrent 99-year prison terms for each armed robbery count, nunc pro tunc to October 4, 1991. See Peters v. State, 128 So.3d 832, 840 (Fla. 4th. DCA 2013). Due to “an anomaly that arose from the application of 1989 statutes after the decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010),” we reversed the concurrent 99-year sentences and remanded for imposition of 40-year sentences on the armed robbery counts. Id. at 836, 855.
At the 2014 resentencing hearing, the prosecutor, defense counsel, and a repre *994 sentative of the Department of Corrections recognized that appellant was required to be sentenced to concurrent 40-year sentences on-all of the armed robbery counts, with appropriate credit for gain time under the applicable law. -Nonetheless, the trial court sentenced appellant on all crimes, some concurrently, and some consecutively, totaling in excess of 40 years. While appellant was awarded prison credit back to the original 1991 sentencing date' for 2 of the armed' robberies, appellant was awarded credit only for the time he had been incarcerated since the 2011 resen-tencing for the remaining counts.
 Where a defendant is resen-tenced due to an illegality in , the original sentence, the new. sentence typically is measured from the date of the original sentence. See, e.g., Flowers v. State, 190 So.3d 1085 (Fla. 3d DCA 2015). Any other approach would fail to account for the time a defendant has spent in prison from the date of the original sentencing to the re-sentencing. No legal fiction can erase the time a defendant has already spent in prison. The defendant is “entitled to’prison credit on the newly imposed sentence for the time he has already spent in prison” during the appeal. Clark v. State, 858 So.2d 1122, 1125 (Fla. 2d DCA 2003).
The trial judge acknowledged such sentencing mechanics when he imposed the 2011 sentences nunc pro tunc to 1991:
Just so that the Defendant is not getting worried as he sits there, obviously you’re going to be getting credit for all your time served. But I’m making these sentences retroactive to the date of yóur original sentence so you’ll also have all your gain time and all of your credits that you’ll be entitled to for early release. ■
Whatever I need to do, I made all these sentences re-sentence nunc pro tunc 10-4-91. He gets credit for time served before that sentence date of two hundred and eighty-three days on all counts. And of .course he gets all unforfeited gain time that is available to him and all sentenced time that he has already served up to this point.
“[DJefendants who are sentenced to concurrent terms in multiple cases are entitled to credit for time served in each of the cases upon resentencing.” State v. Rabedeau, 2 So.3d 191, 192 (Fla.2009).
After the 2011 resentencing, appellant was serving concurrent sentences on which gain time was accruing nunc pro tunc to the original 1991 sentences. Like the defendant in Rabedeau, after the 2014 resentencing, appellant was entitled -to receive credit for the time- served on the concurrent sentences against each new sentence, both the ones imposed concurrently and consecutively. Id. at 193. As the Supreme Court observed in Rabedeau, “if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resen-tencing for the multiple convictions.” Id.; see also Gisi v. State, 4 So.3d 613 (Fla. 2009) (answering in the affirmative a certified question of great public importance that, on resentencing, a defendant is entitled to credit “on each newly imposed consecutive sentence for prison time already served on the original concurrent sentences”).
We therefore reverse and remand for resentencing, where appellant will receive credit for gain time on each sentence since 1991, when he began serving his sentences in these cases.
LEVINE, J„ and LINDSEY, NORMA S., Associate Judge, concur.