DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER WALK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-557

[October 6, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 50-2015-CF-009085-AXXX-MB.

Joshua LeRoy of LeRoy Law, P.A., West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, MaryEllen M. Farrell, and Pablo Tapia, Assistant Attorneys General, West Palm Beach, for appellee.

**ON APPELLANT'S MOTION FOR CLARIFICATION**

WARNER, J.

We grant appellant's motion for clarification, withdraw our prior opinion, and substitute the following in its place.

We reverse the denial of credit for prison and probation time served. When the trial court resentenced appellant for three felonies to correct an illegal sentence, it failed to give appellant credit against the probation portion of the new sentences based upon the time appellant had already served on each count.

Appellant was sentenced for three counts of third-degree felonies. After a series of hearings and mitigation of the original sentence, the court sentenced appellant to eighteen months in prison followed by ten years of probation. The court pronounced a general sentence for all three felonies. The court did not announce that the sentences would be served consecutively. Accordingly, as required by statute, the written sentence

provided that appellant serve eighteen months in prison on each count, and ten years' probation on each count, all to be served concurrently. *See* § 921.16(1), Fla. Stat. (2017) ("A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.").

After appellant served the prison portion of his sentence, he filed a motion to correct an illegal sentence. He contended that the ten-year probationary sentence to be served concurrently was an illegal sentence, because it exceeded the statutory maximum of five years for each offense. The trial court resentenced appellant as follows: on Count I to eighteen months in prison, with credit for time served; on Count II to five years of probation; and on Count III to five years of probation—all to be served consecutively.[1] Appellant asked for eighteen months' prison credit and thirty months' credit against the probation sentence on Counts II and III for the time he had already served in prison and on probation as to all counts. In a later order, the court ultimately granted credit against Count II, but not Count III. Appellant appeals his sentence, maintaining that he is also entitled to credit for his prison and probation time served on both Counts II and III.

Appellant is correct that he was entitled to credit against each count for the time he served in prison and on probation concurrently on each offense.

> When a criminal defendant is sentenced after being convicted of a crime and serves some portion of that sentence, he or she is entitled to receive credit for the actual service of that sentence, or any portion thereof, in a resentencing for the same crime. Likewise, if multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions. The word "concurrently" simply means "at the same time," and by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time.

*State v. Rabedeau*, 2 So. 3d 191, 193 (Fla. 2009). Because appellant was serving concurrent sentences in prison and during the probationary period

---

[1] While we have concerns about this resentencing process, neither party raises this as an issue on appeal.

prior to his resentencing, he was entitled to credit against each count for the prison and probation time which he served. We thus reverse for the trial court to provide credit for prison and probation time served on each count.

*Reversed and remanded for further proceedings in accordance with this opinion.*

GROSS and KUNTZ, JJ., concur.

\* \* \*

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***