# Third District Court of Appeal
## State of Florida

Opinion filed June 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-181
Lower Tribunal No. F99-2559
_____

**Rancifer Lynn Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

FERNANDEZ, C.J.

Rancifer Lynn Brown appeals the resentencing order rendered by the trial court on January 6, 2023, raising essentially two issues, 1) that the trial court failed to award credit for time served as required by Florida law, and 2) that the trial court was without jurisdiction to clarify or modify the sentence imposed on January 6, 2023. The State of Florida filed its answer agreeing that the trial court did not have jurisdiction to amend the appellant's sentence and suggested remanding to the trial court to award credit for time served as required by Florida law.

Having reviewed the record and considered the issues raised on appeal, this court concludes that the trial court erred in failing to award credit for time served as required by Florida law. See State v. Rabedeau, 2 So. 3d 191, 193 (Fla. 2009) ("When a criminal defendant is sentenced after being convicted of a crime and serves some portion of that sentence, he or she is entitled to receive credit for the actual service of that sentence, or any portion thereof, in a resentencing for the same crime."). On the second issue articulated above, we note that the resentencing order of January 6, 2023, did not award credit for time served; however, the transcript of the hearing does reflect the trial court's pronouncement that the appellant receive credit for the time that he has previously served in prison. The State rightfully concedes that the appellant is entitled to credit for time served.

Accordingly, the resentencing order of January 6, 2023, is affirmed and any subsequent order entered by the trial court with the intent to clarify or amend the sentence imposed on January 6, 2023, is quashed as the trial court was without jurisdiction to enter any such orders absent the filing of a motion pursuant to Florida Rule of Appellate Procedure 3.800(b).  See Spear v. State, 341 So. 3d 1106, 1110 (Fla. 2022).  This cause is remanded to the trial court to correct the sentencing order so that it comports to the oral pronouncement awarding appellant credit for time served.

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.