# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-0609

_____

DONSHAY M. BROWN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

March 6, 2024

PER CURIAM.

Appellant, Donshay M. Brown, appeals the revocation of his probation and argues in part that the trial court erred in not awarding him the correct amount of credit for time served on the three consecutive sentences that were imposed following the revocation. We affirm the revocation of Appellant's probation without further comment. We agree, however, with Appellant that the trial court erred in not giving him credit on each of the consecutive sentences for the previous 100-day concurrent sentences that he served when his probation was modified in 2019. *See Kimble v. State*, 110 So. 3d 469, 469 (Fla. 1st DCA 2013) ("[B]ecause the appellant's sentences were originally all running concurrently to each other, the appellant was entitled to credit on each count for the time he spent in jail or prison after the original

sentence was imposed but before he was resentenced to consecutive terms."); *Nichols v. State*, 32 So. 3d 718, 718 (Fla. 1st DCA 2010) ("The appellant challenges the sentences entered upon his revocation of probation. The state correctly concedes that, because his original sentences were concurrent, the appellant is entitled to credit for time served on each of the consecutive sentences to which he was resentenced.").

Accordingly, we affirm the revocation of Appellant's probation but vacate the sentencing order and remand with directions that the trial court give Appellant credit for 100 days on each of his consecutive sentences.

AFFIRMED in part, VACATED in part, and REMANDED with directions.

LEWIS and NORDBY, JJ., concur; TANENBAUM, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

TANENBAUM, J., concurring.

One of the issues on appeal is whether the sentencing order on the appellant's revocation of probation accurately awards him credit for previous time served on his underlying convictions. Originally, the appellant had been convicted of three counts of willful child abuse, so three third-degree felonies. *See* § 827.03(2)(c), Fla. Stat. For those convictions, he received concurrent 18-month sentences, with 24 months of probation to follow. After he served the original 18-month sentences and went on probation, the appellant violated. The trial court sentenced him to an additional 100 days of incarceration *on all three counts* and reinstated the appellant on probation. The trial court ran the three 100-day sentences concurrently as time the appellant had already served in jail on the arrest for the violation of probation.

2

Not long after being reinstated, the appellant was charged with a new law violation, and also with violating his probation *on all three counts* based on that new law violation. The appellant agreed to have the trial on his new criminal charge serve as the evidentiary hearing for the probation violation charges. After hearing the evidence presented at the trial and the testimony of the probation officer in a separate hearing, the trial court concluded that the appellant had violated his probation, revoked it, and sentenced the appellant to the maximum term for each of the child-abuse counts—five years. The trial court specified that these three five-year sentences were to run consecutively.

The trial court at first ordered that the Department of Corrections give him credit for prior, concurrent prison sentences served on the child-abuse counts, under section 921.0017, Florida Statutes. It also ordered a credit of 782 days for time served in jail since the last arrest for the probation violation. *See* § 921.0017, Fla. Stat. ("The court shall determine the amount of jail-time credit to be awarded for time served between the date of arrest as a violator and the date of recommitment, and shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted."). The trial court failed to order credit for the 100 days that the appellant had served *concurrently on all three counts* on the prior probation violation.

After this appeal was taken, counsel sought to correct the appellant's sentence by filing a motion under Florida Rule of Criminal Procedure 3.800(b)(2). Counsel indicated in the motion, in a footnote, that the appellant "concedes that he is entitled to the 782 days of credit since last arrest *only on count I*." (emphasis supplied). Still, counsel argued, among other things, that the trial court should have given credit for the 100 days previously served in jail because the department would not otherwise know about that jail sentence when calculating the appellant's end-of-sentence date. The State agreed that the appellant should get that credit.

When the trial court amended the sentence, however, it indicated that the appellant gets credit for 882 days (the 782 days since the last arrest plus the 100 days for the prior sentence)—but specified now that the credit would only be "as to count I." Because

the new sentences on the child-abuse conviction now were to run consecutively, the trial court correctly amended the sentencing order to make clear that the 782 days of jail time since the last arrest applied only to one of the five-year terms. The trial court erred, though, when it did not apply the previous 100-day *concurrent* sentences *to all three* of the new sentences. Because of the error, the consecutive sentences imposed on counts two and three are illegal. Without the credit for the 100 days that the appellant served as a prior sentence on those latter two counts, the five-year sentences imposed for those counts—when the uncredited 100 days are added on top—effectively exceed the statutory maximum for each count.

The disposition here is required so that legal sentences may be imposed. *Cf.* § 921.0017, Fla. Stat.; *State v. Rabedeau*, 2 So. 3d 191, 193 (Fla. 2009) (approving holding "that [the defendant] was entitled to credit for time served on his concurrent sentences in *each* of the three cases for which consecutive sentences were subsequently imposed after he violated probation" because "by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time").

———————————————

Jessica J. Yeary, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.